JACK GORDON and DONALD STONEBURNER, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed May 13, 1929.

*Price, Price, Kehoe & Kassewitz,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The defendants were charged by information in two counts. The first count charged them jointly with the crime of larceny of a certain boat by name of ''Calobar.'' The second count charged them jointly with the crime of receiving and aiding in the concealment of the same boat. Both offenses were charged to have been committed on the same day. There was a general verdict of guilty. Motion for new trial was made and denied. Judgment of conviction and sentence was entered and writ of error sued out.

The first question raised by the assignments of error is whether or not a judgment of conviction may stand upon a general verdict of guilty under an information charging the two offenses in separate counts as was charged in this case.

This question is definitely answered in this jurisdiction by the language of the opinion in the case of Bargesser v. State, 95 Fla. 404, 116 So. R. 12, in which the Court say:

Where an accused is charged in one count of an information with the larceny of an automobile, and in another count with receiving the same automobile as stolen property knowing it to be stolen, only one larceny of the automobile being involved, a verdict which in effect finds the accused guilty both as a principal in the larceny and as receiver of the same goods is inconsistent in law, and no judgment can be entered thereon.

The judgment must be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.