HENRY ALBRITTON v. STATE.

187 So. 601.
Opinion Filed March 21, 1939.
Rehearing Denied April 10, 1939.

*G. C. Durrance,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood, T. J. Ellis,* Assistant Attorneys General, for the State.

BUFORD, J.—Information was filed charging as follows: "That Jesse Spradlin, Rufus Albritton and Archie Albritton of the County of Okeechobee and State of Florida, on the 4th day of January in the year of Our Lord One Thousand Nine Hundred and Thirty-seven, in the county and state aforesaid did commit the crime of grand larceny in that the said Jesse Spradlin, Rufus Albritton and Archie Albritton did then and there unlawfully and feloniously take, steal and carry away thirty otter hides and three hundred and eight raccoon hides of the value of One Thousand Dollars, of the property, goods and chattels of Nathan Zelmenovitz, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida, and that the said Jesse Spradlin, Rufus Albritton and Archie Albritton, subsequent to the 4th day of January in the year of Our Lord One Thousand Nine Hundred and

Thirty-seven, and prior to the time of the filing of this information, have each been duly convicted and adjudged guilty of said crime of grand larceny in the Circuit Court of Okeechobee County, Florida; that Henry Albritton on the 4th day of January in the year of Our Lord One Thousand Nine Hundred and Thirty-seven and on divers other dates and within two years prior to the date of the filing of this information, and prior to the commission of the Grand Larceny aforesaid by the said Jesse Spradlin, Rufus Albritton and Archie Albritton, did counsel, hire and procure, the said Jesse Spradlin, Rufus Albritton and Archie Albritton to commit the aforesaid crime of Grand Larceny and in the County of Hardee in the State of Florida did counsel, hire, and procure the said Jesse Spradlin and the said Archie Albritton to commit the aforesaid crime of Grand Larceny, and in the County of Lee in the State of Florida did counsel, hire and procure the said Rufus Albritton to commit the aforesaid crime of grand larceny, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

Defendant Henry Albritton filed plea of *autrefois acquit*. The plea is voluminous but the salient facts relied on were those set out in the motion to arrest of judgment. Demurrer to the plea was sustained. He then pleaded "not guilty." After conviction defendant filed motion in arrest of judgment as follows:

"Comes now the defendant, Henry Albritton, by his undersigned attorney, and moves the Court to arrest the judgment in said cause and for grounds of said motion says:

"1. That the defendant has heretofore been tried and acquitted of the identical offense charged in the said in-

formation in that on the 17th day of May, A. D. 1937, at a vacation term of the above styled Court, Information was filed by Honorable Angus Summer, States Attorney, prosecuting for the State, charging the defendant Henry Albritton, together with others, of the offense of 'breaking and entering with intent to commit a felony, to-wit: Grand Larceny,' as will more fully appear from the record in said cause; that on the 20th day of May A. D. 1937, at said special term of said Circuit Court, the defendant was duly arraigned in open court and pleaded 'not guilty' to said Information; that the said Court had jurisdiction to try and determine the guilt or innocence of the defendant of the offense so charged; that at said term of said Court, on to-wit: May 20, 1937, the defendant was duly tried upon said Information and by the verdict of a trial jury was found not guilty, which verdict was duly received and filed in said Court on the same day; that this defendant is the identical person named in said Information and the present Information; that the offense charged in both Informaions, namely: 'breaking and entering with intent to commit a felony, to-wit: Grand Larceny' and Accessory before the fact to Grand Larceny' is one and the same offense; that the building alleged to have been broken and entered with intent to commit grand larceny and the property alleged to have been stolen is the property of the same person, namely: Nathan Zelmenovitz; that both Informations charged that the offense was committed on the same day and in like manner and that the defendant has been acquitted of the offense charged in the present Information.

"2. Defendant further says that the offense charged in the Information upon which he was tried and acquitted as herein alleged, namely: 'breaking and entering with intent to commit a felony, to-wit: Grand Larceny' and

the offense set out in the present Information, namely: 'Accessory before the fact to Grand Larceny' is one and the same offense and not divers and different offenses and relate to the same transaction and that the offense of "accessory before the fact to Grand Larceny,' as herein alleged, is an essential element of the substantive offense of 'breaking and entering with intent to commit a felony, to-wit: Grand Larceny,' of which offense the defendant has heretofore been acquitted all of which will more fully appear in the record of said cause.

"WHEREFORE, defendant prays judgment and that by the Court here the Judgment may be arrested and the defendant be discharged from the premises in the present Information specified and contained and that he may have such other relief as provided in such cases."

Motion was overruled. Judgment was entered after motion for new trial had also been overruled.

The plea in abatement and the motion in arrest of judgment both show that the defendant at a former trial on a different charge had been acquitted of that charge which was one of the offense of breaking and entering a building with intent to commit grand larceny, and both pleadings also aver that the instant information charged the defendant with the crime of being an accessory before the fact to grand larceny. The crime of breaking and entering and the crime of being an accessory before the fact of the crime of grand larceny are entirely separate and distinct offenses. The crime of breaking and entering a building with intent to commit a felony is denounced by Section 5115 R. G. S., 7216 C. G. L., while the crime of accessory before the fact is denounced by Section 5008 R. G. S., 7110 C. G. L. A conviction cannot be had on a charge of either offense solely upon the evidence which would be necessary to sustain a conviction under a charge of the other offense. One

may be convicted of the offense of breaking and entering a building with intent to commit a felony, to-wit: grand larceny, without evidence showing that grand larceny was actually committed. The gravamen of that offense is the breaking into and entering of a building with the intent to commit a felony, while the gravaman of the offense of being accessory before the fact of grand larceny is the act of counselling or hiring or procuring another to actually commit the substantive offense of grand larceny before the act is actually committed, and before one may be convicted of this offense the crime of grand larceny must have been committed.

In Boswell v. State, 20 Fla. 869, it was definitely held that:

"A conviction or acquittal, in order to be a bar to another prosecution, must be for the same offense, or for an offense of a higher degree, and necessarily including the offense for which the accused stands indicted."

In Wharton's Criminal Law, 11th Ed., Vol. 1, page 533, the author says:

"Different offenses comprised within the same act or transaction; an acquittal or conviction on trial for one will not be a bar to a trial on a charge of the other."

In Simso v. State, 9 Tex. App. 338, it is said:

"*Autrefois acquit* is only available in cases where the transaction is the same and the two indictments are susceptible of, and must be sustained by, the same proof. These two elements must combine and are both *sine qua non* to the sufficiency of the plea."

To like effect is People v. Kerrick, 144 Cal. 46, 77 Pac. 711. See also Clark v. State, 59 Tex. Criminal Reports 246, 128 S. W. 131; Pottinger v. State, 122 Fla. 405, 165 Sou. 276.

The plea was not available as a bar to this prosecution.

Another contention made by the plaintiff in error is that motion to quash the information on the ground that the information charged the defendant with being an accessory before the fact because of his alleged conduct in that regard alleged to have been committed in Hardee County and like conduct alleged to have been committed in Lee County.

The information did not charge the defendant with two crimes, but charged that he was accessory before the fact in both Hardee and Lee County of the commission of the crime of Okeechobee County.

It was necessary for the State to allege and to prove that the counselling, procuring or hiring by the defendant of the actual perpetrators of the crime of grand larceny was committed and also to allege and prove where such counselling, procuring and hiring occurred, and it was competent to allege and prove that such counselling, hiring or procuring occurred at any place or places. See Elliott, *et al.,* v. State, 77 Fla. 611, 82 Sou. 139.

Another contention of the plaintiff in error is that the court erred in permitting the State to prove the conviction of the principals charged with grand larceny by the court records. This contention is without merit. See Henry v. State, 81 Fla. 763, 89 Sou. 136.

Other contentions made by plaintiff in error have been duly considered but, on consideration of the whole record, we find no reversible error. So the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.