**WILLIAM GOODWIN and J. W. LUKERS v. STATE OF FLORIDA**

26 So. (2nd) 898                                    June Term, 1946
July 16, 1946                                             En Banc
Rehearing denied August 2, 1946

*Coe & Eggart,* for appellants.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Forsyth Caro,* County Solicitor, for appellee.

ADAMS, J.:

This appeal is from a conviction of grand larceny and presents three questions. The first relates to the refusal to grant a change of venue. The second, in substance, questions the sufficiency of the evidence to sustain the verdict of guilt. These have been found without merit and comment on them would serve no useful purpose.

The third question is:

"Where a defendant is charged with breaking and entering a store with intent to commit grand larceny, and with grand larceny of a safe and its contents therefrom, and when the evidence shows that he was actually present while his accomplices were trying to break into the store but before they succeeded, and when the evidence further shows that he was constructively present, aiding and abetting, at the time his accomplices broke and entered and committed the larceny, and when the verdict acquits of the burglary but convicts of the larceny, should such verdict be set aside on the theory it is inconsistent?"

This question emerges from testimony to the effect that the two appellants, who were policemen, entered into a con-

spiracy with two thiefs to burglarize a store located on the beat of appellants; that the store was broken and entered and a safe was removed by the thieves which yielded a quantity of cash which was divided with one of the appellants, the other (Lukers) failed to get his cut.

Appellants rely to a great extent on Bergesser v. State, 95 Fla. 404, 116 So. 12, and Gordon et al., v. State, 97 Fla. 806, 122 So. 218, for reversal. These cases are not controlling. In the first place the factual background is so different that we shall not consume the necessary space to differentiate between them. In the second place, since those cases were decided the Legislature of Florida adopted the Criminal Procedure Act and in Sec. 924.33, Fla. Stat., 1941 F.S.A., it states:

"No judgment shall be reversed unless the appellant court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."

Fundamentally, the law has never condemned a verdict for inconsistency. See Dunn v. U. S., 52 S. Ct., 189, 284 U. S. 390, 86 L. Ed. 256, 80 A.L.R. 161; 23 C.J.S. page 1092. Some courts have refused to approve them. What comfort appellants might have gained from the Bargesser and Gordon cases, supra, was removed by the above statute, the effect of which was to place us in line with the rule announced in Dunn v. U.S., supra.

We further agree with the State that the case of Brown v. State, 135 Fla. 90, 184 So. 777, is controlling and wherein we held:

"An acquittal under information charging breaking and entering a certain building with intent to commit larceny did not bar prosecution for larceny based on the same occurrence."

See also Albritton v. State, 137 Fla. 20, 187 So. 601.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

BUFORD, J., dissents.

BUFORD, J., dissenting:

My conclusion from the study of the record here in light of the briefs and argument of counsel is that the verdict and judgment as to Goodwin should be affirmed but should be reversed as to Lukers. There was sufficient evidence to connect both Goodwin and Lukers with the breaking and entering (if testimony given by thieves who are themselves the principal perpetrators of the crime, and who are seeking to make an easier bed for themselves, be deemed sufficient to support conviction) but the verdict acquits them of that charge and there is nothing else shown by the record which connects Lukers with the larceny which was committed subsequent to the breaking and entering, while there is evidence connecting Goodwin with the commission of the larceny. Lukers is not shown to have been free from fault but the evidence does not show him to be guilty of larceny. I think the evidence may have been sufficient to have supported a verdict against him as an accessory before the fact to the larceny but he was not prosecuted on such a charge and acquittal of the charge of breaking and entering precludes a subsequent prosecution for the crime of accessory before the fact because in this case participation in the breaking and entering is the controlling fact on which the State would have to rely for a conviction of the offense of accessory before the fact to the larceny. Perhaps he was derelict in the performance of his duty as a police officer but still there is no basis, as I see it in this record for a verdict which acquits him of the offense of breaking and entering but guilty of a larceny committed by those who did break and enter, immediately after the breaking and entering and from the building so broken and entered.