W. S. ALLISON v. NATHAN MAYO, Prison Custodian of Florida

29 So. (2nd) 750
April 1, 1947

January Term, 1947
Special Division A

E. M. *Baynes,* for petitioner.

*J. Tom Watson,* Attorney General and *Reeves Bowen,* Assistant Attorney General, for respondent.

CHAPMAN, J.:

This is a case of original jurisdiction. The petitioner, W. S. Allison, with Joseph Eldridge Tomerlin, alias Charlie Jones, was informed against in the Circuit Court of Marion County, Florida, in two separate counts. The first count charged that the defendants on March 17, 1941, with force and arms at and in Marion County, Florida, did unlawfully *break and enter* a certain building then and there the property of the Texas Company, Incorporated, with the intent to commit a felony, to-wit, to take, steal and carry away and convert to their own use certain personal property of another of the value of more than fifty dollars.

The second count of the information charged that the defendants on March 17, 1941, did unlawfully *enter without breaking* a certain building then and there the property of the Texas Company, Incorporated, with the intent to commit a felony, to-wit, to take, steal, carry away and convert to their own use certain personal property of another of the value of more than fifty dollars. The petitioner and Joseph Eldridge Tomerlin, alias Charlie Jones, were placed upon trial before a jury, when the following verdict was returned. "We, the jury, find the defendants Joseph Eldridge Tomerlin, alias Charlie Jones, and W. S. Allison, guilty as charged, so say we all. Earnest Molnar, Foreman." The trial court adjudged W. S. Allison guilty, and stated "that you, W. S. Allison, for the crime of which you have been and stand convicted shall be imprisoned at hard labor in the State Prison of the State of Florida for a period of fifteen years."

The first count of the information is drafted under the provisions of Section 810.02, Fla. Stats. 1941 (FSA) and the penalty for its violation is imprisonment in the State Prison for a period of not exceeding fifteen years. The second count of the information is drafted under the provisions of Section 810.03, Fla. Stats. 1941 (FSA), and the penalty for its violation is punishment by imprisonment in the State Prison for a period not exceeding five years, or by a fine not exceeding one thousand dollars. Section 919.15, Fla. Stats. 1941 (FSA) provides, "If different offenses are charged in the indictment or information the jurors shall, if they convict the defendant, make it appear by their verdict on which count, if the indictment or information is divided into counts, or of which offense they find him guilty." The petitioner, W. S. Allison, alleges in his petition for a writ of habeas corpus that he has served under the judgment imposed in the State Prison more than five years of his sentence of fifteen years and that further imprisonment thereunder is invalid, illegal and contrary to both the State and Federal Constitutions; and that the two counts of the information and the verdict are vague, indefinite, insufficient, repugnant and inconsistent.

Thus the record reflects that the petitioner Allison, by the general verdict of the jury, was convicted for the violation simultaneously of two separate statutory crimes: (1) the crime of breaking and entering; and (2) entering without breaking. Each count charges the entry of that certain building of the Texas Company on March 17, 1941, with the intent to commit a felony, to-wit, "to take, steal, carry away and convert to their own use certain personal property of another of the value of more than fifty dollars." It simply was impossible for the petitioner to have entered the building of the Texas Company without breaking and at the same time to have broken and entered the same building. The petitioner either (1) broke and entered the building or (2) entered the building without breaking. He could not do both at the same time. The verdict and judgment rests on these two inconsistent counts of the information.

The case of Harris v. State, 53 Fla. 37, 43 So. 311, in-

volved inconsistent counts of an indictment. The first count charged the defendant with the larceny of one coat of the value of $15.00 and one pair of pants of the value of $10.00, all of the value of $25.00. The second count charged that the defendant did have, receive, buy and aid in the concealment of one coat of the value of $15.00 and one pair of pants of the value of $10.00 and of the total value of $25.00, then knowing that the property had before been stolen, taken and carried away. The verdict of the jury was, "We, the jury, find the defendant guilty of receiving stolen property." We held the verdict was illegal, inconsistent and a nullity.

The case of Bargesser v. State, 95 Fla. 404, 116 So. 12, involved inconsistent counts of an information and a verdict and judgment entered thereon. The first count of the information charged the larceny of a Ford coupe, property of Erin Fitzgerald. The second count charged that the defendant feloniously bought, received, concealed and aided in the concealment of one Ford coupe, property of Erin Fitzgerald, knowing the same to have been stolen. The verdict of the jury found the defendant guilty as charged — in effect a conviction of the defendant of both the crimes as charged. Larceny and receiving stolen property, knowing the same to be stolen, are separate and distinct offenses and where the same property, the same larceny and the same person as principal are involved, then the counts are inconsistent and the verdict and judgment are invalid.

The case of Gordon and Stoneburner v. State, 97 Fla. 806, 122 So. 218, involved inconsistent counts in the same information. The first count charged them jointly with the larceny of the boat "Colobar," and the second count charged them jointly with the crime of receiving and aiding in the concealment of the same boat. The offenses were charged to have been committed on the same day. There was a general verdict of guilty as charged. We held that the general verdict of guilty of the two offenses charged in the separate counts of the information was inconsistent and could not be sustained.

The rule stated in Wharton's Criminal Procedure, Volume III 2103-4, par. 1671, on inconsistent or repugnant counts

and a general verdict, harmonizes with the holdings of this Court. It states the rule viz:

"1671. General Verdict When One Count is Bad, or When Counts are Repugnant.—When there is a good count and a bad count, and a general verdict of guilty, it has been held that a valid judgment can be entered on the verdict, which will be presumed in error to have been entered on the good count. In some jurisdictions, however, a judgment entered on such a verdict will be reversed, as logically erroneous. And there must in any view be a reversal when evidence is admitted which is admissible only under the bad count. But when the counts are repugnant, a general verdict can not be sustained."

See Volume 23 C. J. S. 1096-8, par. 1404; Lochner v. State, 218 Wis. 172, 261 N.W. 227; Dunn v. United States, 284 U.S. 390, 76 L. Ed. 356, 62 S. Ct. 189, 80 A.L.R. 161, and annotations pp. 171 to 180.

Honorable Reeves Bowen, Assistant Attorney General, points out that the several Florida cases relied upon by the petitioner are cases reviewed here on appeal; that the petitioner is now bound by the construction placed on the two inconsistent counts and general verdict of the lower court and it is now too late for a collateral attack by habeas corpus on the judgment entered against him. We do not overlook our former adjudications to the effect that habeas corpus cannot be used to take the place or to serve the purpose of an appeal to determine whether or not a judgment is erroneous when the court has jurisdiction of the person and the conviction is for an offense under the law and within the jurisdiction of the court to try, as was held in State ex rel. McAuley v. York, 90 Fla. 625, 106 So. 418, and similar cases. Likewise in other cases we have held that where an information does not charge the offense for which the defendant was sentenced and the record reflects a conviction that is unlawful and constitutes no basis for imprisonment, then under such circumstances the unlawful imprisonment may be inquired into by habeas corpus. Martin v. State, 123 Fla. 143, 166 So. 467; House v. State, 127 Fla. 145, 172 So. 734; Ex Parte Harvey Wilson, 153 Fla. 459, 14 So. (2d) 845.

Counsel for petitioner argues "that where there are two counts in an information for similar crimes and a general verdict of guilty as charged is made by the jury that the sentence under such conditions cannot be greater than the sentence of the smaller crime." And cites in support thereof Lucas v. State, 144 Ala. 63, 39 So. 821, and several cases there cited.

It is admitted in this record that the petitioner has served in excess of five years.

It is our view that under the facts here presented that the petitioner is being illegally held and restrained of his liberty and that he should, therefore, be discharged from custody.

It is so ordered.

THOMAS, C. J., TERRELL, J. and MILLARD B. SMITH, Associate Justice, concur.