Habeas corpus proceeding by J.E. Tomerlin against Nathan Mayo, as state prison custodian, to secure the petitioner's discharge from custody.
Petitioner ordered discharged.
Upon a writ of habeas corpus issued herein the respondent answered to the effect that the petitioner was held upon two commitments. One of the commitments was in a case (Case 17) wherein it was charged that the petitioner (First Count) "did unlawfully break and enter a certain building, then and there the property of the Texas Company, Incorporated, with the intent to commit a felony, that is to say, to take, steal, carry away and convert to their own use certain personal property of another of the value of more than $50.00;
"Second Count: * * * that Joseph Eldridge Tomerlin, alias Charlie Jones, and W.S. Allison, did unlawfully enter, without breaking, a certain building, then and there the property of the Texas Company, Incorporated, with the intent to commit a felony, that is to say, to take, steal, carry away and convert to their own use certain personal property of another of the value of more than $50.00;"
The verdict of the jury (in Case 17) was as follows:
"We, the jury find the defendants, Joseph Eldredge Tomerlin, alias Charlie Jones and W.S. Allison, guilty as charged. So say we all."
Wherein the sentence of the court was as follows:
"Now on this day comes in person the defendant, Joseph Eldredge Tomerlin, alias Charlie Jones, and he is asked by the Court, whether he has anything to say why the sentence of the law should not now be pronounced upon him. Says nothing.
"It is therefore the judgment, order and sentence of the Court, that you Joseph Eldridge Tomerlin, alias Charlie Jones, for the crime of which you have been and stand convicted shall be imprisoned by confinement at hard labor in the State Prison of the State of Florida, for a period of 15 years."
The respondent further answered that he held the petitioner by virtue of a commitment predicated upon a judgment sentence as follows:
"Now on this day comes in person the defendant, Joseph Eldridge Tomerlin, alias Charlie Jones, and he is asked by the Court whether he has anything to say why the sentence of the law should not now be pronounced upon him. Says nothing."
"It is therefore the judgment, order and sentence of the Court that you Joseph Eldridge Tomerlin, alias Charlie Jones, for the crime of which you have been and stand convicted shall be imprisoned by confinement at hard labor in the State of Florida for a period of 5 years.
This sentence to commence at the expiration of sentence imposed in case No. 17 for breaking and entering with intent to commit a felony."
Upon the filing of the return by the respondent, the petitioner moved for his discharge, upon the holding of this Court in the case of Allison v. Mayo, 158 Fla. 700, *Page 836 29 So.2d 750, Section 954.06, F.S. 1941, F.S.A.
The pertinent portion of Section 954.06 supra, is as follows:
 954.06. Gain time for good conduct.
"The commissioner of agriculture shall keep a record of the conduct of each prisoner. Commutation of time for good conduct shall be granted by the board of commissioners of state institutions, or in case of those prisoners known as county prisoners, by the board of county commissioners, and the following deductions shall be made from the term of sentence when no charge of misconduct has been sustained against a prisoner viz.: Five days per month off the first and second years of the sentence; ten days per month off the third and fourth years of the sentence; fifteen days per month off the fifth and all succeeding years of the sentence. A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence."
The first count of the information is based on Section 810.02, Fla.Stats. 1941, F.S.A., and the penalty for its violation is imprisonment in the State Prison for a period of not exceeding fifteen years.
The second count of the information is based on Section 810.03, Fla.Stats. 1941, F.S.A., and the penalty for its violation is punishment by imprisonment in the State Prison for a period not exceeding five years, or by a fine not exceeding $1,000.
Section 919.15, Fla.Stats. 1941, F.S.A., provides, "If different offenses are charged in the indictment or information the jurors shall, if they convict the defendant, make it appear by their verdict on which counts, if the indictment or information is divided into counts, or of which offense they find him guilty."
The two counts are somewhat inconsistent. The proof of the same overt acts would not establish guilt under both counts. Upon a return of the verdict finding the petitioner "guilty as charged" the jury was not returned to make its findings pursuant to Section 919.15, supra. The petitioner was sentenced as if found guilty on the count for which punishment of fifteen years' imprisonment is authorized instead of the count for which only five years' imprisonment may be imposed.
The petitioner was a codefendant with Allison, whose case was considered on habeas corpus in Allison v. Mayo, supra, wherein this Court held [158 Fla. 700, 29 So.2d 751]: "Where jury in prosecution under information charging in one count breaking and entering a building with intent to commit a felony and in another count charging entering without breaking with intent to commit a felony found defendant `guilty as charged,' defendant who had served maximum sentence assessable for the lesser of the two crimes charged was illegally held and was entitled to discharge from custody on habeas corpus. F.S.A. §§ 810.02, 810.03, 919.15."
According to the return of the respondent, the petitioner has been in prison under the sentences since April 3, 1941, and has forfeited only ten days of gained time, or time off, as provided by Section 954.06, supra.
Since Section 954.06 provides that cumulative sentences shall be allowed commutation as if they were all one sentence and since the maximum sentence in the case where the prisoner was sentenced to fifteen years was five years, it will be considered that the prisoner has a total sentence of two five-year sentences, which under the provision of Section 954.06, supra, would permit his release in seven years, four months and eleven days, in case of no lost time by reason of misconduct. In the case at bar the prisoner has lost ten days by reason of misconduct, which would entitle him to a discharge after serving seven years, four months and twenty-one days, which period would expire on August 24, 1948.
It appears that the petitioner is being unlawfully detained and it is ordered and adjudged that he be discharged.
THOMAS, C.J., and ADAMS and HOBSON, JJ., concur. *Page 837