## ALLISON v. UNITED STATES.
### No. 12766.

United States Court of Appeals
Fifth Circuit.
Dec. 28, 1949.

Eugene M. Baynes, West Palm Beach, Fla., William S. Allison (in pro. se.), Atlanta, Ga., for appellant.

Fred Botts, Asst. U. S. Atty., Miami, Fla., J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HOLMES, WALLER, and SIBLEY, Circuit Judges.

WALLER, Circuit Judge.

The Petitioner was convicted of breaking and entering the United States Post Office at Fort Ogden, Florida. The trial Court imposed the maximum sentence of five years,[1] but ordered sentence suspended and placed the Petitioner on probation for five years.[2] The sentence provided that the probationary period would not begin until defendant was released or had executed the sentence that he was then serving.[3] At the time of the sentence the Petitioner was serving a fifteen-year sentence in the Florida State Prison. The Petitioner returned to the Florida State Prison where he served until the fifteen-year sentence was declared void by the Florida Supreme Court. Allison v. Mayo, 158 Fla. 700, 29 So.2d 750. He was

---

1. Title 18, U.S.C.A. § 315 [now § 2115].

2. There were two additional criminal cases then pending against Petitioner, on which he was sentenced to five years on each, which sentences were to run concurrently with the sentence here.

3. The judgment and commitment, dated February 19, 1943, states:
   "It Is Further Ordered, that execution of sentence herein is hereby suspended and you William Stafford Allison are placed on probation with the Probation Officer for the Tampa Division of this District for a period of Five (5) Years which probationary period shall not begin until you are released or shall have executed the sentence you are now serving to report Five (5) years from such time under the conditions outlined in the Court's Order entered December 1, 1939, imposing standing conditions of probation and the Court expressly reserves jurisdiction if the terms of this probation are violated."

thereupon released from the Florida institution and began to undergo his Federal probation. Within five years from the date of his release by the State—but more than five years from imposition of the State sentence—he was adjudged [on June 2, 1948], to have violated the conditions of his probation and same was thereupon revoked and the original sentence ordered to be executed.

The Petitioner contends that the probationary period began on date of sentence [Feb. 19, 1943] and that the five-year probationary period had elapsed so as to render him immune to service of same. We think not.

The sentence imposed in the Federal Court was definite and certain. It stated that probation would begin upon his release from the Florida State Prison. It would continue thereafter for five years. He was released April 17, 1947, and it was within five years from that date that the violation occurred and the probation was revoked. From the record it is clearly ascertainable when the probation was to begin and equally clear that it was to end five years thereafter so that a revocation of probation within the term is in conformity to law.

Affirmed.