243 So.2d 174 (1971)
STATE of Florida, Appellant,
v.
Harry CONRAD, a/k/a Jessie McIver, Appellee.
No. 70-494.
District Court of Appeal of Florida, Fourth District.
January 27, 1971.
Earl Faircloth, Atty. Gen., Tallahassee, Rodney Durrance, Jr., Asst. Atty. Gen., West Palm Beach, and David M. Porter, County Sol., and Norman A. Tharp, Asst. County Sol., Titusville, for appellant.
Robert G. Ferrell, III, Public Defender and Franklin D. Kelley, Asst. Public Defender, Titusville, for appellee.
OWEN, Judge.
In this case a criminal information charging appellee with a felony was dismissed by the Court of Record of Brevard County because it determined that appellee's prior municipal court conviction for ordinance violation constituted former jeopardy under the rationale of Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). We conclude that on the facts of *175 this case neither of the cited cases are applicable and that the court erred in entering the order here appealed.
The criminal information which the County Solicitor of Brevard County had filed against appellee was in two counts, the first count charging appellee with breaking and entering a building with intent to commit a felony, to-wit: larceny of a 1970 Plymouth automobile, and the second count charging appellee with larceny of the same automobile.
Appellee moved to dismiss the criminal information on the grounds of former jeopardy. In support of the motion it was shown that theretofore the appellee had been charged in the Municipal Court of the City of Melbourne of the offense of unlawfully taking and using the same 1970 Plymouth automobile without the owner's consent, to which charge he had pled guilty and had been convicted and sentenced to a term in the city jail. At the hearing on the motion to dismiss the foregoing matters were stipulated by counsel. Likewise, in order that the facts be considered in proper perspective, the prosecutor represented to the court that evidence would establish that appellee had broken and entered the building of an automobile dealer, had stolen the 1970 Plymouth automobile, and was subsequently apprehended by Melbourne police while in the possession of the automobile. The prosecutor conceded that the offense involved in the municipal court conviction was a lesser offense included within the larceny count of the criminal information, Wright v. State, Fla.App. 1968, 216 So.2d 229 (modified on other grounds, 224 So.2d 300), and that the appellee's plea of double jeopardy as to the larceny count was well founded. Hence, on this appeal the issue for our consideration has been limited to the question of whether the municipal court conviction is a bar to prosecution of the charge of breaking and entering with intent to commit a felony.
A brief word concerning Waller v. Florida, supra. The effect of the decision in that case was to abolish the "dual sovereignty" theory which had theretofore existed in this jurisdiction under which a person could be tried by both the municipal government and the State of Florida for the identical offense without violating the constitutional prohibition against double jeopardy. Waller held that a municipal court and a state court of the same state were courts of the same sovereignty and that the conviction or acquittal of a defendant in a municipal court was a bar to the prosecution of such defendant in the state court for the identical offense. The decision did not otherwise affect existing law in this jurisdiction as it pertains to double jeopardy. In fact, the decision was expressly premised upon the assumption that the ordinance violations were included offenses of the felony charge. (397 U.S. 436, 90 S.Ct. at 1186, 25 L.Ed.2d 469) Thus, while a municipal court judgment can, in a state court prosecution, constitute former jeopardy within the meaning of the constitutional prohibition the law remains unchanged that it is a bar to a subsequent prosecution of the same person only as to the identical offense.
It has been held many times in this jurisdiction that the charge of breaking and entering with intent to commit a specified felony, and a charge for having committed or having attempted to commit the same specified felony, are two separate and distinct offenses. Steele v. Mayo, Fla. 1954, 72 So.2d 386; Goodwin v. State, 1946, 157 Fla. 751, 26 So.2d 898; Taylor v. State, 1939, 138 Fla. 762, 190 So. 262; Albritton v. State, 1939, 137 Fla. 20, 187 So. 601; Footman v. State, Fla.App. 1967, 203 So.2d 356; Evans v. State, Fla.App. 1967, 197 So.2d 323; Wilcox v. State, Fla.App. 1966, 183 So.2d 555. If larceny of an automobile is a separate and distinct offense from that of breaking and entering a building with intent to commit larceny of *176 such automobile then, a fortiori, the unauthorized use of an automobile, being a lesser included offense of larceny of such automobile, would necessarily be a separate and distinct offense from breaking and entering a building with intent to commit larceny of the automobile.
The order of dismissal in the instant case indicates that the trial court may have felt that the municipal court conviction was double jeopardy as to the breaking and entering count of the information, not because of being an identical offense or one which was necessarily included within the breaking and entering charge, but because it was one which arose out of the same transaction. The Fifth Amendment words "same offense" do not mean and should not be construed as synonymous with "same transaction", and we so hold. As authority for our position we cite the case of State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478:
"[1-3] In order to sustain a plea of former jeopardy it must be made to appear that there was a former prosecution in the same State for the same offense; that the same person was in jeopardy on the first prosecution; that the parties are identical in the same prosecution; and that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar to further prosecution. King v. State, 145 Fla. 286, 199 So. 38. The words `same offense' mean same crime or omission; not necessarily the same acts, circumstances or situation out of which the crime or omission arises. Driggers v. State, 137 Fla. 182, 188 So. 118; State v. Corwin, 106 Ohio St. 638, 140 N.E. 369; State v. Winger, 204 Minn. 164, 282 N.W. 819, 119 A.L.R. 1202. The test is whether the defendant has been twice in jeopardy for the same identical crime, not whether he has been tried before upon the same acts, circumstances or situation the facts of which may sustain a conviction for a separate crime. Pottinger v. State, 122 Fla. 405, 165 So. 276; Sanford v. State, 75 Fla. 393, 78 So. 340; Driggers v. State, 137 Fla. 182, 188 So. 118. If the indictment on the first trial was such that the defendant might have been convicted under it on the evidence by which the present information is sought to be sustained, the jeopardy which attached on the first trial constitutes a protection against a subsequent trial on the second charge. Hagan v. State, 116 Fla. 553, 156 So. 533. Conversely, if the facts which will convict on a second prosecution would not necessarily have sustained a conviction on the former prosecution for the crime there charged, then the first prosecution will not stand as a bar to the second, although the offenses charged may have been committed in the same transaction. Albritton v. State, 137 Fla. 20, 187 So. 601; Hall v. State, 134 Ala. 90, 32 So. 750; Miller v. State, 33 Ind. App. 509, 71 N.E. 248, L.R.A. 1915A, 256, note; 22 C.J.S. Criminal Law, § 279, p. 417; 1 Wharton's Cr. Law, 12th Ed., Sec. 394, p. 535; 1 Bishop Cr. Law Sec. 1052."
See also Steele v. Mayo, supra; Goodwin v. State, supra; Taylor v. State, supra; Albritton v. State, supra; Footman v. State, supra; Evans v. State, supra; Wilcox v. State, supra; 9 Fla.Jur., Criminal Law, § 215; Anderson Wharton's Criminal Law and Procedure, Vol. 1, § 145.
A brief word concerning Ashe v. Swenson, supra. That case did not hold, nor can the court's opinion be considered valid authority for the proposition, that the constitutional protection against double jeopardy encompasses every criminal offense arising out of the same transaction, once jeopardy attaches for any single one of such offenses. The court held that the rule of federal law known as "collateral estopple" is embodied in the Fifth Amendment *177 guarantee against double jeopardy. The term "collateral estoppel" was defined as meaning simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit. (397 U.S. 436, 90 S.Ct. at 1194, 25 L.Ed.2d 469) As applied to Bob Ashe, the court concluded that the trial of Ashe on the charge of robbing Knight having resulted in an acquittal could only mean that Ashe was not one of the robbers; hence, Ashe ought not be required to again litigate the question of identity on a charge of robbing Roberts on the same occasion. We have yet to be told as to how the doctrine of collateral estoppel would apply in a similar factual situation had the trial on the charge of robbing Knight resulted in a verdict of guilty. We need not speculate on that at the moment. Whatever else the Ashe case stands for, it does not mean that separate and distinct offenses arising out of a criminal frolic or transaction amount to the "same offense" within the constitutional guarantee against double jeopardy. The absurdity of the "same transaction" standard can be easily illustrated. Assume that one breaks and enters a building to commit larceny of an automobile, does thereafter in fact steal the automobile and drive away, killing the night watchman in the process, and two blocks away runs a red light which brings about his arrest by the municipal police. Could it be said with any logic that a plea of guilty to breaking and entering would bar a subsequent prosecution for murder? If so, presumably a plea of guilty to the traffic offense would likewise, since all arise out of the "same transaction".
To the extent that the order here appealed dismissed Count I of the information charging appellee with breaking and entering, the order is reversed and the cause remanded with instructions to reinstate that count of the information for further proceedings.
Reversed and remanded.
WALDEN and REED, JJ., concur.