292 So.2d 616 (1974)
Eddie B. ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-132.
District Court of Appeal of Florida, Second District.
April 3, 1974.
James A. Gardner, Public Defender, and Robert B. Persons, Jr., Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged pursuant to Fla. Stat. § 810.02, F.S.A., with breaking and entering a building with intent to commit a felony therein, to-wit: grand larceny. Following a not guilty plea, the jury returned a verdict finding him guilty of grand larceny. Appellant was adjudicated guilty of grand larceny.
Grand larceny is not a lesser included offense to the crime of breaking and entering a building with intent to commit a felony therein, to-wit: grand larceny. Albritton v. State, 1939, 137 Fla. 20, 187 So. 601; Davis v. State, Fla.App.2d, 1969, 226 So.2d 257. The breaking and entering of a building with the intent to commit a felony is an entirely separate offense from the felony which is intended. Albritton v. State, supra; State v. Conrad, Fla. App. 4th, 1971, 243 So.2d 174. An accused may be convicted of either or both the breaking and entering and the intended felony. Taylor v. State, 1939, 138 Fla. 762, 190 So. 262; Goodwin v. State, 1946, 157 Fla. 751, 26 So.2d 898; Evans v. State, Fla.App.3rd, 1967, 197 So.2d 323. The evidence essential to prove one is not essential to conviction on the other, and the gravamen of the two offenses is not the same. Taylor v. State, supra; Evans v. State, supra. Hence, appellant was convicted on a charge which was not made against him.
One cannot be convicted for a separate offense with which he is not charged. Cole v. Arkansas, 1948, 333 U.S. 196, 68 S.Ct. 514, 98 L.Ed.2d 644; Perkins v. Mayo, Fla. 1957, 92 So.2d 641. See Reilly *617 v. State, Fla.App.3rd, 1968, 212 So.2d 796.
The judgment is reversed.
HOBSON, A.C.J., and BOARDMAN, J., concur.