414 So.2d 1137 (1982)
Dewey HICKS and Alejandro Rios, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-1025.
District Court of Appeal of Florida, Third District.
June 8, 1982.
*1138 Bennett H. Brummer, Public Defender and Andrea Simonton, Sp. Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HUBBART, Chief Judge.
This is an appeal from a series of criminal convictions and sentences entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendants Dewey Hicks and Alejandro Rios were convicted below by a jury of (1) second degree murder [§ 782.04(2), Fla. Stat. (1977)] upon an indictment charging first degree murder, (2) kidnapping [§ 787.01, Fla. Stat. (1977)], and (3) robbery [§ 812.13(2)(c), Fla. Stat. (1977)]; the defendant Rios was also convicted of second degree grand theft [§ 812.014(b), Fla. Stat. (1977)]. Both defendants were given consecutive sentences of life imprisonment on the murder conviction, life imprisonment on the kidnapping conviction, and fifteen (15) years imprisonment on the robbery conviction; the defendant Rios was also given a concurrent sentence of five (5) years imprisonment on the grand theft conviction.
We have carefully examined the points raised on appeal by the defendants and find them insufficient to upset the convictions appealed from; we also find the defendants' points insufficient to upset the sentences appealed from, save for the defendant Rios' sentence on the grand theft conviction. We, accordingly, affirm except for the aforesaid grand theft sentence which shall stand reversed.

I
The central contention raised by the defendants on this appeal is that the trial court erred in failing to bifurcate the jury voir dire in this case in such a way that "death qualifying" questions relating to the jurors' attitude toward capital punishment under Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), would be reserved until the penalty phase of the trial, if such a phase became necessary. As it was, the prosecuting attorney was allowed to ask "death qualifying" questions of the jury during the only voir dire conducted prior to the jury being sworn which, *1139 it is urged, denied the defendants a fair trial. It is further urged that this error was compounded when the prosecuting attorney abandoned any effort to seek the death penalty at the close of all the evidence in the cause. We must reject the defendants' contentions here for two reasons.

A
First, the alleged error was not, in our view, preserved for appellate review. No pretrial motion to bifurcate the jury voir dire in a manner now suggested was ever filed by the defendants below. No objection was raised below by the defendants when the prosecuting attorney asked the "death qualifying" questions of the jury on voir dire. It was not until after the jury voir dire was completed and the defense had accepted the jury that the defendants belatedly attempted to adopt the co-defendant Henry Page's pretrial motion for a bifurcated jury voir dire. The trial court, at that point, quite properly denied the motion as clearly it came too late; the alleged offending voir dire had already taken place and the motion for a bifurcated jury voir dire was entirely moot. See Dobbert v. State, 409 So.2d 1053, 1057 (Fla. 1982).

B
Secondly, the aforesaid argument must, in any event, fail on the merits because precisely the same argument has been squarely rejected by the Florida Supreme Court. Riley v. State, 366 So.2d 19, 21 (Fla. 1979). The fact that the prosecuting attorney, as here, abandoned his efforts to seek the death penalty at the close of all the evidence cannot, without more, change this result. See Nettles v. State, 409 So.2d 85, 88 (Fla. 1st DCA 1982).

II
The defendants also urge a series of points which for convenience sake we treat under one heading as extended discussion thereon does not seem warranted. We are unpersuaded that the court or the prosecuting attorney indirectly commented on the defendants' failure to testify in this cause, see e.g., Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980); White v. State, 348 So.2d 368 (Fla. 3d DCA 1977), rev'd in part on other grounds, 377 So.2d 1149 (Fla. 1980). We fail to perceive any error in the co-defendant Henry Page's initial refusal to testify before the jury in this cause because he gave no grounds therefor which might be prejudicial to the defendants and, in any event, changed his mind and did, in fact, testify against the defendants; as such, the instant case is distinguishable on these points from Kaplow v. State, 157 So.2d 862 (Fla. 2d DCA 1963), relied upon for reversal herein. We see no merit to the corollary hearsay point raised as it was, at best, a harmless error. § 924.33, Fla. Stat. (1981). And the cumulative effect of the above points do not, as urged, present any reversible error.

III
Finally, the defendant Rios attacks his conviction for second degree grand theft based on double jeopardy grounds. We must reject the defendant's contention here, but we are required, based on other grounds, to set aside the five (5) year sentence entered upon the said grand theft conviction.

A
The defendants, Hicks and Rios, were charged in count III of the indictment herein with unlawfully taking certain property from the person of Perry Lamar Floyd "by force, violence or putting in fear" and the property so taken was described as "a [m]otor [v]ehicle, a [t]ool box, and an [e]lectric [d]rill." The same defendants were also charged in count IV of the indictment with unlawfully obtaining "a motor vehicle the property of Perry Lamar Floyd, with the intent to permanently deprive the same Perry Lamar Floyd of a right to the said property." It is undisputed that at trial it was established the same motor vehicle belonging to Perry Lamar Floyd was involved in both the robbery and grand theft counts. The jury convicted both defendants on the *1140 robbery charge, convicted the defendant Rios on the grand theft charge, and acquitted the defendant Hicks on the grand theft charge. As previously stated, the trial court sentenced both defendants to fifteen (15) years imprisonment on the robbery conviction and the defendant Rios to a concurrent term of five (5) years imprisonment on the grand theft conviction.

B
It is now the established law of this state that there is (a) no federal or state constitutional double jeopardy bar, and (b) no state statutory bar, to convicting a defendant of both a greater offense and a lesser included offense charged in a single indictment or information. State v. Monroe, 406 So.2d 1115 (Fla. 1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). There is, however, a state statutory bar under Section 775.021(4), Florida Statutes (1977), against sentencing a defendant so convicted on the lesser included offense conviction. State v. Hegstrom, supra. Moreover, robbery and larceny, as charged in the instant case, are clearly greater and lesser included offenses. Brown v. State, 206 So.2d 377 (Fla. 1968).

1
It should be noted, however, that a different result obtains where, unlike this case, only the greater offense, and not the lesser included offense, is charged in the indictment or information. In that event, the law is clear that the trial court, upon proper request, is "duty bound to instruct the jury to the effect that should they be unable to find from the evidence beyond reasonable doubt that the defendants were guilty of the crime charged ... they could consider the evidence to determine whether the defendants were guilty of a lesser included offense." Hand v. State, 199 So.2d 100, 103 (Fla. 1967). Plainly, in these circumstances, the jury may convict the defendant of the greater offense or the lesser included offense, but not on both offenses. Brown v. State, 206 So.2d 377 (Fla. 1968); indeed, the Florida Standard Criminal Jury Instructions, in effect, so states. Fla.Std. Jury Instr. (Crim.) 2.08 (allowing a jury verdict to be returned for either the crime charged or a lesser included offense). One may very well argue that this rule should not be any different when, as here, the prosecuting attorney chooses to place the lesser included offense in the indictment or information along with the greater offense; the fact remains, however, that the law does make that distinction.

2
A different result also obtains where, unlike this case, the greater and lesser included offenses are prosecuted in two separate proceedings. In that event, a conviction or acquittal on the lesser offense would bar, on double jeopardy grounds, a subsequent prosecution for the greater offense. Chikitus v. Shands, 373 So.2d 904 (Fla. 1979); Sanford v. State, 75 Fla. 393, 78 So. 340 (1918). It is also clear that a conviction or acquittal on the greater offense would similarly bar, on double jeopardy grounds, a subsequent prosecution for any lesser included offense. Albritton v. State, 137 Fla. 20, 187 So. 601, 603 (1939); Boswell v. State, 20 Fla. 869 (1884) (syllabus, no. 2); Wilcox v. State, 183 So.2d 555, 558 (Fla. 3d DCA 1966); 14 Fla.Jur.2d "Criminal Law" 501-02 (1979).
It may very well be argued that, for double jeopardy purposes, it should make no legal difference whether the prosecuting attorney makes a charging decision to place both the greater offense and the lesser included offense in the same indictment or information, or chooses, instead, to prosecute the greater and the lesser included offense in two separate indictments or informations. One's double jeopardy rights should not, it would seem, be dependent here on a charging decision by the prosecuting attorney. Surely, for example, no one would contend that a defendant charged twice with precisely the same offense in a single indictment or information could be convicted in the same trial on both offenses as clearly one's double jeopardy rights are not dependent here on two separate proceedings. *1141 Nonetheless, it seems plain that under the existing state of the law, a defendant may properly be charged and convicted of a greater and lesser included offense providing the same are charged in the same indictment or information; a different result obtains where, unlike this case, the prosecuting attorney decides to charge the greater and the lesser included offense in two separate indictments or informations in two separate proceedings.

3
It should be noted, however, that there may be some real risks involved for the state, and seemingly very little advantage, where the state decides, as here, to charge both a greater and a lesser included offense in the same indictment or information. If, for example, the jury convicts on the greater offense, but acquits on the lesser included offense,[1] there is a very real question as to whether the conviction on the greater offense can stand as the jury has, in fact, acquitted the defendant of an essential element of the greater offense. See e.g., Mahaun v. State, 377 So.2d 1158, 1161 (Fla. 1979) (greater offense conviction of third degree murder reversed because jury acquitted defendant on the lesser included offense, to wit: the underlying felony involved in the third degree murder charge). On the other hand, if the jury acquits on the greater offense and convicts on the lesser included offense, there is also a very real question as to whether the jury has acquitted the defendant on all elements of the greater offense, which, of necessity, would preclude a conviction on a lesser included offense. See, e.g., Redondo v. State, 403 So.2d 954 (Fla. 1981) (lesser included offense conviction of unlawful possession of a firearm during the commission of a felony reversed because jury acquitted defendant of the greater offense of aggravated battery).[2] We need not resolve these problems in this case, however, as the issue is not presented here in any form by any of the defendants; such questions must be left for another day with only a red flag warning as to the possible dangers involved for the state in charging greater and lesser included offenses in a single indictment or information.

C
Turning to the instant case, the defendant Rios was charged with a greater and a lesser included offense in the indictment herein. He was charged with the robbery of complainant's motor vehicle, tool box and electric drill; he was also charged with the lesser included offense of second degree grand theft of the same complainant's motor vehicle. Since both offenses were charged in a single indictment, it is clear under the existing law that the defendant Rios could be convicted, as he was, on both offenses; he could only be sentenced, however, on the greater offense of robbery. It is, therefore, plain that we are required under the established law to affirm Rios' conviction for second degree grand theft, but reverse the five (5) year sentence imposed thereon as being barred by Florida statutory law. § 775.021(4), Fla. Stat. (1977).

IV
The judgments of conviction entered in this cause as to both defendants are affirmed. The sentences entered in this cause as to both defendants are also affirmed, except for the five (5) year sentence imposed for the crime of second degree grand theft as to the defendant Rios; the latter sentence is hereby reversed.
Affirmed in part; reversed in part.
NOTES
[1] The jury, in fact, did precisely that in the instant case when it convicted the defendant Hicks of robbery, but acquitted him of the lesser included offense of second degree grand theft.
[2] Unlawful possession of a firearm during the commission of a felony is a lesser included offense of the underlying felony where said underlying felony has as one of its essential elements the use of a firearm, e.g., armed robbery, aggravated battery. State v. Monroe, 406 So.2d 1115 (Fla. 1981).