424 So.2d 990 (1983)
Wallace R. PERKINS, II, Petitioner,
v.
The Honorable Volie A. WILLIAMS, etc., et al., Respondents.
No. 82-1576.
District Court of Appeal of Florida, Fifth District.
January 12, 1983.
Leon D. Watts, Titusville, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for respondents.
COBB, Judge.
The petitioner, Perkins, seeks a writ of prohibition to prevent his re-trial on a charge of robbery, his first trial on that charge resulting in a mistrial when the jury could not reach a verdict. At that time, the petitioner was acquitted by the same jury of another count charging him with grand theft. Since there was only one taking of property in the instant case, the underlying theft was a necessarily lesser included offense of the charged robbery. See Brown v. State, 206 So.2d 377 (Fla. 1968). Perkins argues that he should be discharged in regard to the robbery count because a retrial thereon would place him in double jeopardy since he cannot be retried for the greater offense after acquittal of one of its constituent elements. He is correct.
*991 The motion for discharge below was denied by the trial judge on authority of Hicks v. State, 414 So.2d 1137 (Fla. 3d DCA 1982). In Hicks the defendant was charged with robbery and grand theft in the same information and was found guilty on both charges. It was held that he could not be sentenced on the lesser included charge of grand theft based on section 775.021(4), Florida Statutes (1977), and the Florida Supreme Court case of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). But the following language also is found in Hicks:
A different result also obtains where ... the greater and lesser included offenses are prosecuted in two separate proceedings. In that event, ... acquittal on the lesser offense would bar, on double jeopardy grounds, a subsequent prosecution for the greater offense. Chikitus v. Shands, 373 So.2d 904 (Fla. 1979); Sanford v. State, 75 Fla. 393, 78 So. 340 (1918).
414 So.2d at 1140.
The argument of the state is that the verdict of acquittal on the grand theft charge most probably was based on the insufficiency of the evidence to show that the money taken was of the value of $100.00 or more, whereas a robbery may occur irrespective of such value. Aside from its speculative nature, this argument misses the point: if the defendant was proven guilty at trial of the lesser included offense of petit theft under the count charging grand theft, he should have been convicted of the lesser offense, not simply acquitted. As the petitioner observes, the state attorney, in making the decision to separately charge him with grand theft, took the risk that an acquittal thereon would defeat the primary charge of robbery. Mahaun v. State, 377 So.2d 1158 (Fla. 1979).
The petitioner's Fifth Amendment right against double jeopardy prevents a retrial of the charge of robbery. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Accordingly, we issue the writ of prohibition to the trial court and direct that he discharge the defendant in regard to the robbery count.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.