Solon Driggers v. State.

188 So. 118.
Division A.
Opinion Filed April 11, 1939.

*W. D. Bell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood* and *Thomas J. Ellis,* Assistant Attorneys General, for Defendant in Error.

BUFORD, J.—On writ of error we review judgment of conviction under an information charging that the accused "on the 4th day of September in the year of our Lord one thousand nine hundred and thirty-seven, in the county and State aforesaid, did unlawfully steal, take and carry away, one animal of the bovine species, to-wit: a calf, of the proper.y of J. H. Daughtry, with the intent then and there to permanently deprive the said owner of the use and pos-

session thereof; contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida."

The records show that the accused upon being arraigned filed plea in bar as follows:

"Comes now Eulric Lee Williams and Solon Driggers in their own proper persons and having heard the information read, says that the State of Florida ought not to further prosecute the same against them because they say that heretofore on the 11th day of October 1937, Roy D. Stubbs, States Attorney 12th Judicial Circuit of Florida, prosecuting for the State of Florida in Lee County under oath, information made that these defendants, Eulric Lee Williams and Solon Driggers, offended against the Law of the State of Florida as is set forth in the certified copy of the information hereto attached and made a part hereof as fully and completely as set out herein verbatim, pursuant to which a *capias* was issued out of the aforesaid Court by the Clerk thereof, that the said Eulric Lee Williams and Solon Driggers might be arrested and held for trial on said information which information was duly signed and sworn to by the said Roy D. Stubbs, then duly constituted States Attorney 12th Judicial Circuit of Florida in and for Lee County, Florida, as aforesaid, to which information the said Eulric Lee Williams and Solon Driggers plead not guilty after arrest on the 1st day of November 1937, and the said State of Florida joined issue on said plea and the jury thereupon duly empaneled and sworn to try the issues under their oath did say that the said Eulric Lee Williams and Solon Driggers were not guilty of the offense in said information laid to their charges certified copy of said verdict hereto attached; whereupon it was considered by the court that the said Eulric Lee Williams and Solon Driggers be discharged and the said jury discharged from the

further consideration thereof, as by the record thereof more fully and at large appears, which said judgment still remains in full force and the said Eulric Lee Williams and Solon Driggers avers that in said cause said Court had jurisdiction of the subject matter and of their persons and that they are the same individuals, Eulric Lee Williams and Solon Driggers, who were the defendants in the information cited in this plea, and acquitted as aforesaid, and that they, the said Eulric Lee Williams and Solon Driggers, who were the defendants in the information cited in this plea, are not different persons and that the offense in said last mentioned information, copy of which is made a part of this plea, and the one charged in the information to which this plea is pleaded are one and the same offense and not divers and different offenses and that the one cow, the property of J. H. Daughtry, alias Buck Daughtry, alleged in the information cited in this plea is identically the same one animal of the bovine species to-wit, a calf, of the property of J. H. Daughtry alleged in the information to which this plea is pleaded although described differently and that the information to which the said Eulric Lee Williams and Solon Driggers now called upon to plead is for one and the same offense charged in the first information mentioned, and of which they were acquitted, all of which the said Eulric Lee Williams and Solon Driggers are ready to verify.

"Wherefore they pray judgment and that by the court here they may be dismissed and discharged from the premises in the present information specified and contained."

Demurrer was interposed to the plea, which demurrer was sustained. Thereupon defendant pleaded not guilty and on trial was convicted.

A number of questions are raised and insisted upon for

the reversal of the judgment, but we think it is only necessary for us to consider the first question which challenges the correctness of the ruling of the court in sustaining the demurrer to the plea in abatement.

The allegations of the plea are entirely sufficient to show that the defendant was arraigned upon an information charging him with the identical offense that had theretofore been charged against him and upon which charge he had been put upon trial and was acquitted. These allegations meet the rule enunciated in Tufts v. State, 41 Fla. 663, 27 Sou. 218; Pottinger v. State, 122 Fla. 405, 165 Sou. 276. In the latter case we held:

"Common-law and constitutional prohibition against double jeopardy refers, not to same offense *eo nomine, but to same crime, transaction or omission;* test being whether defendant has been twice in jeopardy and not whether he had been tried before for same act." (Emphasis supplied)

See Southworth v. State, 98 Fla. 1184, 125 Sou. 345, Wallace v. State, 41 Fla. 547, 26 Sou. 713.

It is contended by the defendant in error that because the first information described the animal alleged to have been stolen is a "cow" and the later information described the property as a "calf" the same evidence would not be required to convict under the latter information that would have been required to convict under the first information because of the difference in the description of the property. The contention is not tenable. The crime for which defendant was tried on the first information was that of the larceny of an animal the property of one J. H. Daughtry and in the information that animal was described as a "cow." The plea in abatement alleges that the second information charges the defendant with the identical offense, the larceny of an animal the property of J. H. Daughtry,

and describes that animal as a "calf." The crime and offense was the same, according to the allegations of the plea in abatement and it necessarily follows that if this is true then all evidence of the guilt of the defendant would be required to be the same in both cases with the difference only in the description of the property.

There can be difference in the legal principles to be applied in this case and those to be applied in a case where an information might be filed charging a defendant with the larceny of certain money, to-wit: four $10.00 bills and one $5.00 bill of the total value of $45.00 of lawful money of the United States of the value of $45.00 of the property goods and chattels of John Doe, and after acquittal on that charge another information should be filed charging the same defendant on the same date with the larceny of eight $5.00 bills and five $1.00 bills of lawful money of the United States of the value of $45.00 of the property goods and chattels of John Doe, to which latter information the defendant on being arraigned pleaded former jeopardy alleging that the act of larceny charged in the second information was the identical act which was charged in the first information upon which the defendant had been acquitted. In such a case there can be no question but that sustaining a demurrer to such plea in abatement and requiring the defendant to be tried under the second information would violate the provisions of Sec. 12 of the Declaration of Rights and of Sec. 6059 R. G. S., 8364 C. G. L.

In the case of State v. Joe Sampson, 157 Iowa 257, 138 N. W. 473, the Supreme Court of Iowa held:

"Where accused at the same time stole a watch from one of his roommates, and a pocketbook from another, he is guilty of only one offense, even though the takings of were separated by a small fraction of time; hence a conviction of simple larceny of the watch is a bar to a prosecution for

larceny from the dwelling house, based on the theft of the pocketbook."

In Roberts, *et al.,* v. State of Georgia, 14 Ga. 8, it was held:

"In a prosecution for robbery, where the prisoner relied upon a plea of *autre fois convict,* on a charge of burglary, the indictment in that case, having charged the breaking and entering with intent to commit the robbery, which by demurrer to the plea, was admitted to be the same as that charged in the second indictment; *Held,* that the plea of former conviction was sufficient in Law, because the record shows the second case to be the same transaction with the *first*; *Held,* also that the plea of *autre fois convict* is sufficient where the prisoner might have been convicted on the first indictment, by the evidence necessary to support the second."

In Dean v. State, 9 Ga. A. 571, 71 S. E. 932, it was held:

"Where several articles are stolen at one time, there is only one larceny, whether the ownership is in one person or in different persons. The state in such case may charge in one indictment the larceny of all the articles stolen, alleging ownership according to the fact. But after the thief has been indicted and convicted of the larceny of any one of the articles the prosecution is exhausted, and he cannot subsequently be indicted for the larceny of one of the articles embraced in the same larceny, and which the State chose to omit from the former indictment."

In State v. Moore, 66 Mo. 372, it was held:

"A plea of *autrefois acquit* to an indictment for stealing a national bank note, is sustained by proof of an acquittal upon an indictment for stealing money accompanied by evidence that both indictments were for the same act."

We do not intend by this opinion to concur in the view expressed in some of the cases, that where different articles

belonging to different owners are stolen at one and the same time the offender may not be prosecuted on more than one charge of larceny, or that a prosecution for larceny under such conditions from one owner will bar the prosecution for larceny at the same time of property of another owner, because that question is not involved in this case. But, we do hold that where there has been an acquittal or conviction on a charge of the larceny of an animal of a certain species from a named owner that such conviction or acquittal will bar a second prosecution for the larceny of the same animal, described in some other way, the property of the same owner.

It is true that the informations do not necessarily charge the same offense. They might charge entirely separate and different offenses committed on the same date by the same person but this is the very question which the plea in abatement presents to be tried and, therefore, the State should have been required to join issue on the plea in abatement, unless, indeed, it was a fact that both informations concerned the identical and single offense alleged to have been committed by the defendant.

For the reasons stated, the judgment must be reversed with directions to the court below to overrule the demurrer to the plea in abatement and thereupon to proceed further under the rules of law and practice.

It is so ordered.

Reversed.

TERRELL and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.