71 So.2d 735 (1954)
BIZZELL
v.
STATE.
Supreme Court of Florida. En Banc.
April 6, 1954.
*736 Forsyth Caro and Herbert Latham, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
MATHEWS, Justice.
In this case the appellant was convicted of the crime of "embezzlement by county officer", covered by F.S. Section 812.10, F.S.A. The information charged that during the month of September, 1952, Harvey Bizzell "Then and there being an officer of Escambia County, Florida, to-wit: the justice of the peace of the first justice of the peace district of aforesaid county, and as such justice of the peace, as part of the duties of such office, was required to receive various and sundry amounts of money belonging to aforesaid county, did, while acting as justice of the peace of aforesaid district and county, in his official capacity and as part of the duty of said office, collect and receive various and sundry amounts of money as cash bonds, which cash bonds were thereafter estreated or forfeited as appearance bonds by aforesaid justice of the peace and which said cash bonds amounted to $4,387.50 for aforesaid period, to wit: the month of September, 1952, * * *." The said information was filed on the 11th day of February, 1953.
The appellant filed a plea of double jeopardy in which he alleged that on the 9th day of February, 1953, a criminal information was filed against him charging "embezzlement by county officer", a copy of which was attached to and made a part of the said plea of double jeopardy, and is as follows:
"John L. Reese, County Solicitor for the County of Escambia, Prosecuting for the State of Florida, in said County, charges that Harvey Bizzell on the 9th day of October in the Year of Our Lord, One Thousand, Nine Hundred and fifty-two at and in Escambia County, Florida, Then and there being the justice of the peace of the first justice of the peace district of said county and state, and having been justice of the peace of the first justice of the peace district in said county and state during all of the months of January, February, March, April, May, June, July, August, September and to the aforesaid date in October of 1952, and who did during said months and days of 1952, and on divers dates and times during a period of less than two years prior to the said October 9, 1952, receive as such justice of the peace of the first justice of the peace district of said county and state, various and sundry amounts of money in excess of $4,000.00 in money current of the United States of America, and of the value of more than $50.00, as such officer, whose duty required him as such officer to receive said sums of money for cash bonds which were thereafter and subsequent to the date of receiving said various and sundry cash bonds, estreated as appearance bonds by the aforesaid officer on various and sundry dates including the date of August 1, 1952 and through the date of August 29, 1952, for various and sundry amounts and on various and sundry cash bonds totaling the total sum of $3,627.50, and that upon the estreature or forfeiture of the aforesaid bonds as aforesaid, the various and sundry amounts of monies represented by said bonds and totaling the sum of $3,627.50 became and was the *737 property of said Escambia County, Florida, and that the said Harvey Bizzell then and there being justice of the peace of the first justice of the peace district of said county and state, as aforesaid, with intent of him, the said Harvey Bizzell fraudulently to deprive the said county of the said money and property, and did unlawfully and feloniously convert to his own use and embezzle the aforesaid sum of $3,627.50, in money current of the United States of America, and which was then and there the money and property of Escambia County, Florida, and of the value of $3,627.50, and which last said sum of money of $3,627.50, did then and there belong to Escambia County, Florida, and as aforesaid was then in the possession of the said Harvey Bizzell as justice of the peace of the First justice of the peace district of said county and state, by reason of said [sic] because his duty as such justice of the peace did require him to receive such said public money."
The appellant alleged that on the 11th day of February, 1953, he entered a plea of not guilty to the charge of the first criminal information and the same came on for trial before a jury of six men duly selected, empaneled and sworn to well and truly try said cause and issues joined between the State of Florida and the defendant. It is alleged the jury was sworn and the taking of testimony was begun and concluded and after the hearing of all of the evidence and the argument of counsel and the charges of the Court, the jury returned a verdict in words and figures as follows:
"We the jury find the defendant not guilty under the information as charged. So say we all."
It is then alleged that the Court did order and adjudge that the defendant "be discharged and go hence without day". A copy of the minutes of the Court were attached and made a part of the plea.
The appellant further alleges that after he was acquitted a new information was filed against him on the same day, February 11, 1953. He alleged that the criminal offense charged in the two informations are one and the same offense and crime. The appellant further alleged that although the first information charged the offense as being on the 9th day of October, 1952, the information also alleges that the offense and the crime committed was committed on various and sundry dates and under the said first information the State had full opportunity to prove all embezzlements by a county officer occurring prior to the filing of the said first information and that to require the said defendant-appellant to go to trial on the second information would force and compel him to be tried for a criminal offense of which he had already been acquitted.
The State demurred to the said plea and the demurrer was sustained. In the order sustaining the demurrer to the plea of double jeopardy, the Court stated:
"After hearing and considering the arguments of counsel for the defendant and for the State the court is of the opinion and now finds and determines that while the information upon which the defendant was tried and acquitted was not entirely clear, definite and unambiguous it was susceptible of the construction that the charge therein contained was of the embezzlement of moneys received during a period different from and earlier than the period covered by the information now under attack; that the writer, who presided at the trial, so construed the information at the insistence of counsel for the defendant and limited the evidence and instructions to the jury accordingly, and that, therefore, the defendant ought not now be heard to contend that proof of embezzlement of moneys received during September, 1952, as alleged in this second information, would have warranted a conviction under the first information construed and treated *738 as stated. The situation presented upon the trial under the first information was as if a bill of particulars had been demanded and furnished under which the State would have been limited in the presentation of evidence.
* * * * * *
"The latest expression of our Supreme Court as to the test to be applied to the question of double jeopardy  so far the writer is advised  is in State v. Anders, Fla. 1952, 59 So.2d 776, 777, where it is said:
"`If the facts charged in a subsequent information would, if found to be true, have warranted a conviction upon a prior information, a prosecution under the second information is barred'."
Section 12 of the Declaration of Rights, F.S.A., contains the following:
"No person shall be subject to be twice put in jeopardy for the same offense, * * *."
The right to be placed in jeopardy only once for the same offense is guaranteed to every citizen. It is not for the purpose of protecting criminals, but is to protect the citizens against the once-existing power of the State, or the sovereign, to continue prosecutions and trials of the same person for the same offense until a conviction is obtained, or the defendant is ruined by the time, expenses and annoyance of such successive prosecutions. This constitutional right stands upon the same basis as those other constitutional rights to be tried by a fair and impartial jury, to demand the nature of and cause of the accusation against him, to meet the witnesses against him face to face, and to be furnished a copy of the indictment against him. Section 11, Declaration of Rights. These rights curtail and restrain the power of the State. It is more important to preserve them, even though at times a guilty man may go free, than it is to obtain a conviction by ignoring or violating them. The end does not justify the means. Might is not always right. Under our system of constitutional government, the State should not set the example of violating fundamental rights guaranteed by the Constitution to all citizens in order to obtain a conviction.
The first information could have charged a particular embezzlement on a particular date. Instead of following this course, the State made its election and charged the county officer with embezzlement of various amounts during January, February, March, April, May, June, July, August and September and up to the 9th day of October, 1952. It charged him "during said months and days of 1952, and on divers dates and times during a period of less than two years prior to the said October 9, 1952" with receiving various and sundry amounts of money in excess of $4,000 and of the value of more than $50. The appellant joined issue on this count by pleading not guilty. A jury was selected and sworn to try the appellant upon the issues joined. The jury found him not guilty. The evidence of the first trial is not before us.
The appellant was placed in jeopardy under the charges against him when the jury was selected and sworn to try the issues. He was placed in jeopardy for embezzling county money during the month of September, 1952, and also for other months and the jury found him not guilty and the Court then adjudged him to be not guilty and ordered that he be discharged and go hence without day. Immediately after the verdict of the jury and the judgment of the Court, the second information was filed.
The main difference between the first information and the second information is that the second information attempts to break the embezzlement down and charge that it occurred only during the month of September, 1952, while the first information charged September as well as other months.
The trial judge quoted from the case of State v. Anders, Fla., 59 So.2d 776, to the effect that if the facts charged in the second information, if found to be *739 true, warranted a conviction upon a prior information, a prosecution under the second information is barred. Such is the case now presented.
In the case at bar the facts charged in the second information are that the appellant, during the month of September, did while a county officer embezzle money which was the property of Escambia County. If the facts so charged were found to be true they would have warranted a conviction upon the first information which charged that the appellant during all of said months, including the month of September, embezzled various and sundry amounts of money.
It may be that the State found new evidence or on the first trial that material evidence was excluded by the Court or the State did not offer all of its evidence, or any evidence, but such cannot be the basis of ignoring the constitutional rights of the appellant that he should not be twice put in jeopardy for the same offense.
In the case of Potter v. State, 91 Fla. 938, 109 So. 91, 92, this Court held:
"Thus, under the Constitution and laws of this state, when a person has once been indicted for an offense, tried and acquitted, he cannot afterwards, lawfully be indicted a second time for the same offense, and, if he be thus indicted a second time, he may plead autrefois acquit. * * *
"The sufficiency of the special plea of defendants as a bar to the prosecution under the second indictment is attacked by the demurrer of the state. Such plea is not a plea upon the merits, nor it is an inquiry as to anything the defendants have or have not done, and is therefore not of a criminal nature. It is a collateral civil inquiry as to what action the court has taken on a former occasion. * * *
* * * * * *
"Where the offense is alleged in the two indictments to have been committed at different times and places, they are nevertheless sufficiently identified by general averments in the plea to the effect that the offense of which the defendants were indicted and acquitted in the first prosecution and the offense of which they now stand indicted are one and the same offense. * * *" (Emphasis supplied.)
The State quotes from the opinion in the case of State v. Cootner, Fla., 60 So.2d 734. That case involved arson where the ownership of the property was material. In that case the first information charged that Cootner burned his own property. He was tried upon that issue. The State failed to prove that the property was the property of Cootner and he was found not guilty under instructions of the Court of burning his own property. A new information was then filed identical with the first information except it alleged that certain personal property which had been burned was the property of Carter Clothing Company, Inc. Cootner had never been on trial for burning the property of Carter Clothing Company, but had been placed in jeopardy on the charge of burning the property of William Cootner. In such a case there was no double jeopardy, because under the first information he was charged with burning the property of Cootner and in the second information he was charged with burning the property of Carter Clothing Company.
In the case now before us the month of September, 1952, and the same money of Escambia County is involved in both informations. The appellant was found not guilty and discharged under the first information and to place him on trial a second time under a new information involving the same money and the same month is a violation of the constitutional rights of the appellant not to be placed in jeopardy twice for the same offense.
The demurrer of the State to the plea of double jeopardy should have been overruled and the appellant discharged. The case is reversed for further proceedings in accordance with this opinion.
*740 ROBERTS, C.J., and THOMAS, SEBRING and DREW, JJ., concur.
TERRELL, J., dissents.
HOBSON, J., not participating.