81 So.2d 750 (1955)
STATE of Florida, Appellant,
v.
James BENTLEY and Mathew Rivers, Appellees.
Supreme Court of Florida. Division B.
July 27, 1955.
*751 Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellant.
Daniel F. Hubsch, Jacksonville, for appellees.
THORNAL, Justice.
The State appeals from an order of the Judge of the Criminal Court of Record for Duval County granting a motion to quash an information charging the appellees, Bentley and Rivers, with the larceny of a bull. The motion was grounded on a claim of former jeopardy.
On March 1, 1955, an information was filed against the two appellees charging them with the larceny on October 17, 1954, of a cow, the property of one Shep Brunson. At the trial of the cause the evidence produced by the State showed that the larceny of the property of Brunson on the day alleged was larceny of a bull, not a cow. At the close of the State's case in the first trial, the Judge granted the appellees' motion for a directed verdict on the ground that there was a material variance between the allegations and proof, the charge being larceny of a cow, and the proof being larceny of a bull.
Subsequently, the County Solicitor filed a new information charging the defendants with larceny of a bull belonging to Shep Brunson, the larceny allegedly taking place on October 17, 1954. Thereupon, appellees filed their motion to quash the second information claiming former jeopardy. The trial Judge granted the motion.
From the order granting the motion to quash the State appeals seeking reversal on the propositions that there was no former jeopardy and that the appellees were estopped from taking advantage of a plea of former jeopardy because at their insistence a verdict was directed in the first case for an alleged material variance between the allegations and the proof, and the new information was filed to meet such variance.
In granting the motion to quash the second information the trial Judge relied upon the case of Driggers v. State, 137 Fla. 182, 188 So. 118. For reasons hereinafter stated, we do not feel that the case cited by the lower Court controls the case at bar, although it must be conceded that a very careful analysis is required to detect the distinction.
In Driggers v. State, supra, it should be noted that at the first trial of the matter, the accused went to trial on a plea of not guilty and the jury by its verdict found that they were not guilty. While it is true that the information in the first trial charged the defendants with larceny of a cow and the proof showed larceny of a calf, nevertheless, the defendants did not, by motion for a directed verdict or other affirmative action, undertake to establish in the first trial the materiality of the variance. They went to trial on a plea of not guilty and from all that appears in the record, the jury could have found them not guilty on the actual merits of the case. After the accused were found not guilty by a jury in the Driggers case, the State undertook to inform against them again for larceny of a calf, and it was properly held that a plea of former jeopardy was available to them as a bar to a subsequent prosecution.
Such was not the situation in the case at bar. Here, the appellees took advantage of the variance by a motion for a directed verdict and thereby elected to establish the materiality of the variance at the trial under the first information. Having done so, they should not now be heard to contend that the variance was not material and that the two different offenses charged in actuality constituted one and the same offense.
The instant case, in our view, is more nearly controlled by the decision of this *752 Court in State v. Anders, Fla. 1952, 59 So.2d 776, where an information charging the accused with larceny of an automobile named as the owner of the automobile a corporation which did not actually own it, and after a verdict was directed for the defendant at his request because of the asserted material variance between the information and the evidence, it was held that a subsequent prosecution of the same defendant for larceny of the same automobile in which the true owner was named in the information was not barred on the ground that the subsequent prosecution placed the defendant in double jeopardy.
The case at bar is also controlled by the decision of this Court in State v. Cootner, Fla. 1952, 60 So.2d 734, 737, where, quoting from 16 C.J., p. 243, it was held:
"`The effect of a material variance between the allegations of the indictment and the proof is to entitle defendant to an acquittal on the particular indictment, but he is still liable to be tried for his crime. If accused is acquitted by direction of the court on the ground of material variance, he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment the crime then alleged is not the same crime as in the former indictment. And it has been held that, if accused on the prior trial maintained that the variance was material and the court directed a verdict of acquittal on that ground, he cannot subsequently on his plea of former acquittal allege or prove that it was not material.' See also, 22 C.J.S., Criminal Law, § 246." (Emphasis added.)
We, therefore, hold that the offense alleged in the second information charging larceny of a bull is not the same offense as the one alleged in the first information charging larceny of a cow. The appellees, having, at the first trial, taken advantage of the variance by their motion for a directed verdict and having thereby established the materiality of the variance, cannot now assert in defense that they have been previously placed in jeopardy when the second information, made necessary by appellees themselves, charges a separate and distinct offense.
The order of the lower Court granting the motion to quash the information is, therefore, reversed and the cause remanded for further proceedings in accordance with this opinion.
Reversed.
DREW, C.J., and THOMAS and HOBSON, JJ., concur.