PER CURIAM.
Appellant, the State of Florida, appeals an order granting the defendant’s motion to dismiss on the grounds that the defendant-appellee had been placed previously in jeopardy for the same offense. The relevant facts are as follows:
On December 19, 1972 the State of Florida filed information #72-8653 charging the defendant-appellee with (1) robbery and (2) buying, receiving, or concealing stolen property on November 26, 1972. Thereafter, the state filed a bill of particulars alleging that the offense of robbery occurred on November 24, 1972. The trial (non-jury) commenced on January 23, 1973, at which time the state nol pressed count #2 of the information. Appellant then called its first witness, Patti Meyers, the robbery victim, who testified that she was robbed on November 26, 1972. At that point, defense counsel objected and moved for judgment of acquittal on the grounds that the proof adduced at trial relating to the date of the offense, November 26, 1972, materially varied from the date of the offense as alleged in the bill of particulars, November 24, 1972. The judge granted the motion and declared the defendant “not guilty of the crime of robbery on November 24th, 1972.”
Thereafter, the state filed a second information #73-551 on January 24, 1973 and charged the defendant with (1) robbery and (2) displaying a firearm while committing a felony on November 26, 1972. Subsequent thereto, the appellant filed an amended bill of particulars alleging November 26, 1972 as the date of the offense. This second information was bottomed on the same incident as the first information, to wit: a robbery of Patti Meyers on November 26, 1972. The defendant-appellee filed a motion to dismiss which the trial judge granted on the grounds that the defendant had been previously placed in jeopardy for the same offense and that the state was estopped collaterally from charging the defendant with displaying a firearm during the robbery for which the defendant had been placed previously in jeopardy and acquitted.
On appeal the state contends that the trial court erred in granting the defendant’s motion to dismiss in that defendant’s acquittal under information #72-8654 did not bar his prosecution under information #73-551 charging the defendant with commission of a robbery on November 26, 1972, a different offense requiring different evidence to sustain a conviction. We cannot agree.
“Under the Criminal Procedure Law, no person may be held to answer on a second indictment, information, or affidavit for an offense for which he has been acquitted. Such acquittal constitutes a bar to a subsequent prosecution for the same offense, notwithstanding any defect in the form or circumstances of the indictment, information, or affidavit.” 9 Fla.Jur. Criminal Law § 423 (1972).
The test to sustain a plea of former jeopardy is that it must be made to appear that (1) there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution ; and (4) that the particular offense *210 on the prosecution of which the jeopardy attached was such an offense as to constitute a bar. King v. State, 145 Fla. 286, 199 So. 38 (1940); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944).
Applying the above test to the case sub judice it becomes apparent that the state is attempting to hold the defendant to answer on this second information for an offense for which he has been acquitted in violation of the Laws and Constitution of the State of Florida. For jeopardy attached to the first information when the victim began to give her testimony,[1] and the second information with the exception of the change of dates charges the defendant-appellee with the same crime.[2]
Accordingly, we find the trial judge to be correct in granting defendant’s motion to dismiss on former jeopardy and collateral estoppel grounds.
For the reasons stated hereinabove, the judgment is affirmed.
Affirmed.
ORDER ON MANDATE
PER CURIAM.
Whereas, the judgment of this court was entered on October 16, 1973 affirming the order of the Circuit Court of Dade County, Florida, in the above styled cause; and
Whereas, on review of this court’s judgment, by certiorari, the Supreme Court of Florida by its opinion and judgment filed July 31, 1974 (298 So.2d 376) and mandate now lodged in this court quashed this court’s judgment and remanded the cause with directions ;
Now, therefore, It is Ordered that the judgment of this court heretofore filed on October 16, 1973 is vacated, the said opinion and judgment of the Supreme Court of Florida is herewith made the opinion and judgment of this court, the order of the circuit court appealed herein is reversed and the cause is remanded to the circuit court with directions to permit the defendant to be tried on the second information. Costs allowed shall be taxed in the circuit court (Rule 3.16, subd. b, Florida Appellate Rules).

. State v. Bernard, Fla.App.1971, 254 So.2d 38.

. Driggers v. State, 137 Fla. 182, 188 So. 118 (1939).