HOBSON, Acting Chief Judge.
The State appeals the dismissal of three informations charging the appellee with assault with intent to commit murder in the first degree.
Appellee moved to dismiss the informa-tions upon two grounds, to wit, that the State was collaterally estopped to prosecute the informations by reason of a prior finding by a jury verdict in a first degree murder trial arising out of the same criminal episode that appellee was not guilty by reason of insanity; also, that the prosecutions were barred by the provisions of the speedy trial rule. The trial court held that the State was collaterally estopped from prosecuting the charges under the case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. The trial court did not specifically rule on the applicability of the speedy trial rule.
We hold that the State was prohibited from prosecuting all three charges for failure to comply with the speedy trial rule. State v. Boren, Fla.App.3d 1973, 273 So.2d 415.
In addition, the trial judge was eminently correct in holding that the State was collaterally estopped from prosecuting the two charges alleging assault with intent to commit murder in the first degree of Officer Clark and Officer Morrow.
*788 For the foregoing reasons the orders appealed are
Affirmed.
GRIMES, J., and SCHWARTZ, ALAN R., Associate Judge, concur.