### KENNEDY v. SANDSTROM, Director, Department of Corrections and Rehabilitation.

No. H.C. 75-8981.

Circuit Court, Dade County.

October 3, 1975.

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

Phillip A. Hubbart, Public Defender, Karen M. Gottlieb, Assistant Public Defender, for the petitioner.

Richard E. Gerstein, State Attorney, Kenneth Drucker and Rick Margolis, Assistant State Attorneys, for the respondent.

GEORGE ORR, Circuit Judge.

*Final judgment in habeas corpus:* This cause, having come before the court for final disposition pursuant to petitioner's application for habeas corpus relief, there being no dispute between the parties as to the pertinent facts, the court, being fully advised in the premises, makes the following findings of fact and conclusions of law —

On September 15, 1975, petitioner was convicted and sentenced on two charges of reckless driving and one charge of willfully fleeing a police officer in the county court in case numbers K-668-871, L-267-917, L-267-918.

The petitioner was sentenced to five days imprisonment on each of the reckless driving charges and 10 days imprisonment on the willfully fleeing charge, all sentences to run consecutively. The petitioner was also assessed $75 court costs, $25 on each of the three charges.

The petitioner has at all times pertinent to this cause been indigent.

On September 26, 1975, the petitioner filed the instant petition for habeas corpus. The petitioner alleged that one of his convictions and sentences for the offense of reckless driving violated his right against double jeopardy. Petitioner also alleged that the assessment of court costs against him was unlawful under provisions of Florida Statutes §839.15, in that he is indigent.

This court issued its writ of habeas corpus on September 26, 1975, and set the matter for hearing on September 29, 1975.

This court finds that the two reckless driving charges arose from a single episode or transaction. Accordingly, petitioner's two reckless driving convictions and sentences violate his right not to be placed in jeopardy twice for the same offense. U. S. Const. Amend.

V, XIV; Fla. Const. Art. I, §9; Benton v. Maryland, 395 U. S. 784 (1969); State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla. 1956); Bizzell v. State, 71 So.2d 735 (Fla. 1954); Hearn v. State, 55 So.2d 559 (Fla. 1951). One of the petitioner's convictions and sentences for reckless driving is thus illegal and, therefore, the conviction in case number K-668-871 is reversed and the sentence of five days imprisonment is vacated. The petitioner is hereby discharged from the respondent's custody.

This court further finds that the assessment of court costs against the petitioner was unlawful under Florida Statutes §839.15, in that petitioner is indigent. Mack v. State, 305 So.2d 264 (Fla. 3d Dist. 1974). The imposition of those costs is therefore ordered vacated.