PEARSON, Judge.
The State appeals an order discharging the defendant upon the ground of double jeopardy. It appears that the defendant was brought to trial and the defendant’s motion for judgment of acquittal was granted upon the ground that the State’s proof departed from the bill of particulars in specifying an incorrect time of day for the offense. Thereafter, a new information was filed specifying a period of time for the offense which included the time first specified but broadening the range to include the time testified to by the State’s witnesses. The trial court granted defendant’s motion to dismiss upon the ground of double jeopardy.
We agree that a second trial would have constituted double jeopardy. See Bizzell v. State, 71 So.2d 735 (Fla.1954); and Sanford v. State, 75 Fla. 393, 78 So. 340 (1918). It is apparent to us that the trial court may have committed error in its original order in that the discrepancy as to time was not so material as to constitute the basis for a judgment of acquittal. But that order is not reviewable here and, of course, was never reviewable upon appeal by the State. If the first order was error, it does not constitute grounds for reversal of the present-order dismissing the second information.
The State urges that it has been deprived, by the ruling of the court, of an opportunity to try the defendant. This may well be so but it should be pointed out that the facts given by the State in the bill of particulars were mistaken. It sometimes happens that the State is unable to prosecute because of errors in the preparation of the case.
The State relies upon the holding of the Supreme Court of Florida in State v. Beamon, 298 So.2d 376 (Fla.1974), for reversal. We think, however, that the situation in Beamon, though very similar to our present case, is distinguished by the fact that the second prosecution in Beamon was for an act alleged to have been two days removed from the first mistaken information. In the present instance, the bill of particulars to the first information was essentially correct and the variance was, at most, a matter of two hours. There is no doubt that the same crime is alleged in each of the informations here filed against the defendant.
Affirmed.