PER CURIAM.
The State of Florida brings this appeal from an order dismissing an information against defendant Martin Katz. The information was dismissed on the ground that Katz’s trial upon a prior information and a finding therein of not guilty collaterally estopped the State from the prosecution of the second information.
Defendant Katz was charged in the first information with burglary of a conveyance, aggravated assault and possession of burglary tools. The count charging the defendant with burglary of a conveyance alleged, in pertinent part, that:
“. . . MARTIN KATZ on the 16th day of November, 1977 ... did unlawfully enter or remain in a certain conveyance, to-wit: A 1977 BUICK AUTOMOBILE, the property of MIKE ALBURY, with the intent to commit an offense therein, to-wit: THEFT . . ”
A non-jury trial took place on April 4, 1978. Testimony was presented showing that the automobile at which defendant was discovered and into which he had broken was a 1975 Chevrolet belonging to Michael Albury. The 1977 Buick described in the information, in fact, belonged to the defendant’s wife and was the vehicle in which the defendant and his companions attempted to escape.
At the close of all the evidence, defense counsel moved for dismissal of all charges. The court expressed confusion over the discrepancy between the allegation of a 1977 Buick contained in the information and the proof of a 1975 Chevrolet presented at trial. The State advised the court that the information contained in the State’s file had been corrected to reflect that the subject of the burglary was a 1975 Chevrolet. However, the official information in the court’s file had not been amended or corrected, nor had notice been given to the defendant or his attorney of a motion to amend. Consequently, the court, noting that the defendant was charged with “breaking into his own car,” found defendant not guilty. The court also found defendant not guilty of the other counts charged in the information.
Thereafter, the State filed a new information, charging the defendant with burglary of a conveyance and grand theft. The first count alleged, in pertinent part, that:
“. . . MARTIN KATZ on the 16th day of November, 1977 . . . did unlawfully enter or remain in a certain conveyance, to-wit: A 1975 CHEVROLET AUTOMOBILE, the property of MIKE ALBURY, with the intent to commit an offense therein, to-wit: THEFT
In the second count, the defendant was charged with theft of that same automobile.
The defendant filed a “Motion for Collateral Estoppel” and a supporting memorandum of law in which he alleged that the State was barred from prosecuting him for burglary and theft of the Chevrolet by virtue of his acquittal in the prior case heard on April 4, 1978. The court agreed and, in an order rendered June 12, 1978, dismissed all charges against the defendant based upon the doctrine of collateral estoppel announced in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This appeal followed.
*203 The State contends that it was error for the trial judge to dismiss the second information because the only charge of which the defendant was acquitted was burglary of a 1977 Buick and that the charge of stealing the 1975 Chevrolet was a new charge. The State relies upon the holding in State v. Beamon, 298 So.2d 376 (Fla.1974); and State v. Bentley, 81 So.2d 750 (Fla.1955).
We hold that the decision of the trial court must be affirmed on authority of the principles stated in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); and Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).
While we recognize here that the distinction is close, we believe that one exists. In the Beamon case, the Supreme Court found that a difference in the day alleged for the crime constituted a different crime for which the defendant could be prosecuted. In the present case, however, the second information was obviously tailored to meet the proof that had been offered at the first trial and constituted only a change in the description of the automobile alleged to have been stolen.
Affirmed.