HUBBART, Judge
(dissenting).
I must respectfully dissent. I would reverse the order under review and remand the cause to the trial court for further proceedings under the authority of State v. Beamon, 298 So.2d 376 (Fla.1974), and State v. Bentley, 81 So.2d 750 (Fla.1955).
In my view, the court makes the same error under the same controlling facts as this court made in State v. Beamon, 302 So.2d 208 (Fla. 3d DCA 1973), which decision was subsequently quashed in State v. Beamon, 298 So.2d 376 (Fla.1974), and as the trial court made in State v. Bentley, 81 So.2d 750 (Fla.1955). That error is in concluding that the first information upon which a judgment of acquittal was entered charges “the same offense” which the defendant is presently charged with under the second information, and that, therefore, the defense of double jeopardy or collateral es-toppel is applicable to bar the second information. In point of fact, two different offenses are charged in the above two in-formations involving two entirely separate cars thereby rendering the defense of double jeopardy and collateral estoppel ineffective.
In the first information, the defendant was charged with the burglary of a 1977 Buick automobile, the property of Mike Al-bury. He was tried and acquitted on this charge. He was thereafter charged with the burglary of a 1975 Chevrolet automobile, the property of Mike Albury. These two informations charge two separate crimes and an acquittal on the first information cannot bar a prosecution on the second information under the defense of double jeopardy or collateral estoppel. Different offenses, not the same offense, are charged in the two informations.
This result is not changed by the fact that the proofs at the first trial showed that the defendant owned the 1977 Buick automobile in question and had burglarized a 1975 Chevrolet automobile. The first information charged the defendant with burglary of the 1977 Buick and an acquittal thereon can only be an acquittal as to the burglary of that particular automobile. The issue of whether the defendant burglarized the 1975 Chevrolet on the same day was neither litigated nor determined at the first trial. I entirely agree with the court that the second information was obviously tailored to meet the proof that was offered at the first trial, but that fact has no legal significance as the issues determined at the first trial in no way involved whether the defendant had burglarized the 1975 Chevrolet. As such, the doctrine of double jeopardy or collateral estoppel cannot bar a prosecution of the defendant for the burglary of the 1975 Chevrolet.
In State v. Beamon, 298 So.2d 376 (Fla.1974), the Supreme Court held that an acquittal on a robbery occurring on one date did not bar a subsequent information charging a robbery of the same victim on a different date. The defense of double jeop *204 ardy and collateral estoppel was held ineffective to bar the second prosecution. This result was in no way changed by the fact that at the first trial it was established that the robbery in question had occurred on the date subsequently charged in the second information. Similarly, in the instant case, it can make no difference that the proofs at the first trial showed that the defendant had burglarized the automobile subsequently charged in the second information.
In State v. Bentley, 81 So.2d 750 (Fla.1955), the Florida Supreme Court held that an acquittal on the charge of larceny of a cow on a certain date did not bar a subsequent prosecution for the larceny of a bull, property of the same person, occurring on the same date. The defense of double jeopardy was held ineffective to bar the second prosecution. This result was in no way changed by the fact that at the first trial it was established that the defendant stole a bull, rather than a cow, belonging to the complaining witness. Similarly, in the instant case, it can make no difference that the state established at the first trial that the defendant burglarized the automobile subsequently charged in the second information. ,
I would reverse.