NESBITT, Judge.
The state appeals from an order which dismissed its second information filed against appellee on the ground that the prosecution thereon was barred by the defense of former jeopardy.
Appellee, defendant below, was charged by an information filed January 25, 1979, with one count of carrying a concealed firearm, and one count of unlawful possession of a firearm by a convicted felon. Thereafter, on motion of the defendant, a statement of particulars was filed in which it was mistakenly alleged that each offense occurred at 2 p. m. on January 11, 1979. At trial, the testimony established that the commission of the offenses actually occurred at 2 a. m. on January 11, 1979. Claiming that the variance as to the time of the occurrence of the alleged offenses was material, the defendant moved for dismissal upon the ground that the state’s proof departed from the bill of particulars in specifying an incorrect time of day for the offense. The defendant contended that the variance was directly prejudicial to his claim of alibi. In that posture, the trial court had no alternative but to grant defendant’s motion to dismiss. Crowell v. State, 238 So.2d 690 (Fla.3d DCA 1970).
On March 19, 1979, the state filed a second information again charging the defendant in Count I, with carrying a concealed firearm, and, in Count II, with unlawful possession of a firearm by a convicted felon. In addition, the state filed a new discovery response, this one correctly stated the time of the offense as 2 a. m. on January 11, 1979. Defendant moved to dismiss the information on the ground that he had been previously placed in jeopardy for the same offense. The trial court granted defendant’s motion based on former jeopardy and this appeal ensued.
In State v. Beamon, 298 So.2d 376, 379-80 (Fla.1974), the Supreme Court delineated the elements necessary to sustain a plea of former jeopardy; to wit:
(1) there was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; and (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar.
Applying the above criteria to the uncontro-verted facts, the trial court erred in granting the motion to dismiss based on the plea of former jeopardy. The true test is whether the defendant was charged with “the same offense” in the subsequent information as that upon which he was acquitted in the first. In this case, the state did charge, by different informations, two separate offenses occurring at materially different times. The defense of former jeopardy therefore does not apply. In Beamon, the Supreme Court observed:
*1326 It is the defendant — not the State — • who is estopped. The defendant is es-topped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the date of the alleged offense he was acquitted of it in the first trial.
298 So.2d at 378.
Nor can the defendant take refuge in our decision of State v. Witherspoon, 366 So.2d 487 (Fla.3d DCA 1979). In Witherspoon, the majority opinion distinguished Beamon, stating:
In the present instance, the bill of particulars to the first information was essentially correct and the variance was, at most, a matter of two hours. There is no doubt that the same crime is alleged in each of the informations here filed against the defendant.
366 So.2d at 488. In the instant case, the statement of particulars to the first information was admittedly incorrect. The time between the occurrence of the offense charged in the first information and that charged in the second information was some twelve hours. Moreover, the offense upon which the defendant was acquitted was alleged to have occurred during the daylight hours while the offense to which a plea of former jeopardy has been sustained occurred during the “nighttime”. In the vernacular, there is as much difference between the first and second informations as there is between “day and night”. The materiality is apparent. Obviously, the defendant was not charged with “the same offense” in the subsequent information.
It has long been the rule that former jeopardy does not bar prosecution for an offense when a previous accusatory document mistakenly identified one of the essential elements of an offense and acquittal under the prior accusatory document has been obtained. State v. Bentley, 81 So.2d 750 (Fla.1955); State v. Cootner, 60 So.2d 734 (Fla.1952).
For the foregoing reasons, the judgment appealed from is reversed.