PER CURIAM.
Appellant Miller was convicted of burglary and brings this appeal. We affirm although several issues merit discussion.
Appellant urges the trial court erred in refusing to instruct the jury that the state had to prove the burglary occurred at “approximately 4:15 a. m.”, as stated in its bill of particulars. Appellant’s alibi witness, his roommate, stated that when he returned home at 3:30 a. m. on October 26, 1977, he found appellant with an injured leg and took him to the hospital. Appellant testified he injured his leg earlier the evening of October 25,1977, while climbing the fuel oil drums outside his apartment to adjust the release valve. The state’s witness Hutto testified he and appellant burglarized the pharmacy “somewhere between 1:00 and 3:00 a. m.; approximately 2:00 a. m.” The state’s other rebuttal witness, a records custodian at the hospital, testified appellant was admitted to the hospital at 6:48 a. m.
We do not agree that the state’s proof varied materially from the bill of particulars, or that appellant was prejudiced in his defense by the state’s failure to pinpoint the time of the offense with mathematical precision, or that there was other than harmless error in the trial judge’s refusal to instruct on the approximate time of day of the offense. In our view, the state’s evidence did show the burglary occurred at “approximately 4:15 a. m.”. There was no evidence the pharmacy was burglarized other than between 1:00 a. m., and 7:00 a. m., *1212 when appellant was admitted to the hospital.
Cases cited by appellant are not on point. State v. Beamon, 298 So.2d 376 (Fla.1974), and Jackson v. State, 350 So.2d 808 (Fla. 2d DCA 1977), held that the state was bound to prove the exact date of the offense as in the bill of particulars. In State v. Witherspoon, 366 So.2d 487 (Fla. 3d DCA 1979), the trial judge had ordered the defendant discharged because the state’s proof was that the offense occurred during a time of day other than that specified in the bill of particulars, and the appellate court held the state could not prosecute the defendant again under a new information specifying a broader time frame within which the offense allegedly took place. Witherspoon did not question the propriety of the trial judge’s initial discharge of the appellant. See also Lynch v. State, 293 So.2d 44 (Fla.1974), where the jury was instructed the offense took place between 1:00 and 5:00 a. m. as per the bill of particulars, and State v. Mayor, 378 So.2d 1324 (Fla. 3d DCA 1980), where the state’s proof that the crime occurred at 2:00 a. m. varied materially from the bill of particulars’ statement that it occurred at 2:00 p. m.
As to the purported error in permitting the state’s rebuttal witness to testify, appellant argues the witness’s trial testimony was compromised by threats of prosecution. That witness had at first agreed to testify on behalf of the state, and was granted statutory immunity in exchange for his agreement. Section 914.04, Florida Statutes (1979). There was nothing improper in the state’s filing charges against him upon his refusal. Those charges eventually led to the witness’s incriminating testimony at trial. Here there were no threats of prosecution for perjury, such as in Lee v. State, 324 So.2d 694 (Fla. 1st DCA 1976) and State v. Davis, 334 So.2d 823 (Fla. 1st DCA 1976), which there had the effect of overpowering the witness’s will.
Similarly, the failure of the state to comply with the defense’s demand for discovery by not providing it with the name of the rebuttal witness was not error. The trial court made a thorough inquiry into the circumstances relating to the rule’s violation and determined defendant had not been prejudiced. This procedure fully complied with Richardson v. State, 246 So.2d 771 (Fla.1971). Defendant and the rebuttal witness were close friends, and defense counsel knew how to contact him. Moreover, at the time of trial, he knew the witness would be called and about what he would testify. “The circumstances establishing non-prejudice . . . affirmatively [appear] in the record.” Boynton v. State, 378 So.2d 1309, 1310 (Fla. 1st DCA 1980).
We have examined the remaining points raised, find them unavailing and affirm the judgment of conviction in its entirety.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.