402 So.2d 1184 (1981)
STATE of Florida, Petitioner,
v.
Martin KATZ, Respondent.
STATE of Florida, Petitioner,
v.
Alfred WITHERSPOON, Respondent.
Nos. 57227, 56169.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied September 24, 1981.
*1185 Jim Smith, Atty. Gen., Janet Reno, State Atty. and Ira N. Loewy and Dennis Curran, Asst. State Attys., Miami, for petitioner.
Henry Gonzales, Miami, and Julius Lucius Echeles and Caroline Jaffe, Chicago, Ill., for respondent Katz.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, Miami, for respondent Witherspoon.
PER CURIAM.
By petitions for writs of certiorari the state seeks review of two decisions, State v. Katz, 372 So.2d 201 (Fla. 3d DCA 1979), and State v. Witherspoon, 366 So.2d 487 (Fla. 3d DCA 1979), which allegedly conflict with prior decisions of this Court. Art. V, § 3(b)(3), Fla. Const. Although prosecuted separately in both the trial courts and district court of appeal, they have been consolidated for purposes of review in this Court as involving the same legal issue.
The question presented is whether a defendant who obtains a judgment of acquittal on the grounds that a material variance existed between the allegations in the information and the proof adduced at trial is thereafter protected by double jeopardy or collateral estoppel from a second prosecution based upon an information which conforms to the proof adduced at the first trial.
In Katz one count of the information charged burglary of a conveyance, "to-wit: A 1977 BUICK AUTOMOBILE." At trial the evidence revealed that the stolen vehicle was in fact a 1975 Chevrolet. At the close of the evidence the defendant moved to dismiss all charges. The court observed that defendant had been charged with "breaking into his own car" and granted the motion. The second Katz information tracked the first as to the burglary charge, except that the stolen vehicle was described as "a 1975 Chevrolet." The court dismissed this information on the basis of collateral estoppel citing Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and the district court affirmed.
In Witherspoon the first information, as limited by a statement of particulars, alleged that the crime occurred on November 19, 1976, "at approximately 8:00 P.M." At trial, the proof indicated the actual time was dusk or nightfall which occurred around 5:30 P.M. on that date. The defendant claimed the variance was material and prejudicial in light of his alibi defense and successfully moved for a judgment of acquittal. Predictably the next information alleged the crime occurred on November 19, 1976, "at dusk, to-wit: between 6:00 P.M. 8:00 P.M." This information was dismissed by the trial court as barred by the prohibition against double jeopardy. The district court affirmed.
In both Katz and Witherspoon Judge Hubbart dissented, citing our decision in State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). In Beamon the first *1186 information, as limited by a bill of particulars, specified November 24, 1972, as the date of the offense. Proof at trial showed that November 26, 1972, was the actual date. The court granted a judgment of acquittal on the basis of the variance and declared the defendant "not guilty of the crime of robbery on Nov. 24, 1972." Id. at 378 (emphasis deleted). The second information in Beamon alleged the previously proven date and was dismissed on double jeopardy and collateral estoppel grounds. This was affirmed by the Third District Court of Appeal. State v. Beamon, 302 So.2d 208 (Fla. 3d DCA 1973). In quashing that decision this Court noted that double jeopardy will bar subsequent prosecutions only where:
(1) [T]here was a former prosecution in the same state for the same offense; (2) that the same person was in jeopardy on the first prosecution; (3) that the parties are identical in the same prosecution; and (4) that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar.
298 So.2d at 379-80 (citations omitted and emphasis in original). We specifically found that since the variance between the dates was material, thereby justifying an acquittal in the first prosecution, the offense charged in the second information was not the "same offense" and thus double jeopardy did not apply.
Florida's test for determining whether successive prosecutions impermissibly involved the same offense is based upon the sufficiency of the allegations in the second information with regard to a conviction of the offense charged in the first. If the facts alleged in the second information, taken as true, would have supported a conviction of the offense charged in the prior information, the offenses are the same and the second prosecution is barred. Bizzell v. State, 71 So.2d 735 (Fla. 1954). This is similar to the federal standard which allows the second prosecution where conviction of either offense requires proof of a fact which is not required by the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). Under the facts of the cases at bar, we need not delve into the distinctions between the two tests. See generally Note, Twice in Jeopardy, 75 Yale L.J. 262, 269-75 (1965); Ennis v. State, 364 So.2d 497 (Fla. 2d DCA 1978).
Tests for identity of offenses were formulated to prevent the unjust results occurring under the rules of common law pleading which made the slightest variation between the pleadings and proof fatal to the prosecution. A plea of former acquittal barred reprosecution; thus the guilty were permanently freed from further prosecution on the basis of technicalities of pleading. See The King v. Vandercomb & Abbott, 2 Leach 708, 168 Eng.Rep. 455 (1796), cited in Note, 75 Yale L.J. at 271, and Note, Double Jeopardy in Florida, 2 U.Fla.L.Rev. 250, 253 (1949). Similar injustice will result if a defendant who clearly is acquitted on the basis of a variance may later assert that the variance wasn't really material and that the offenses differentiated thereby are one and the same. State v. Beamon. In State v. Bentley, 81 So.2d 750 (Fla. 1955), this Court distinguished situations such as the ones at bar from one in which the defendants went to trial on the first charge and were acquitted by a jury in spite of a variance between the pleading (larceny of a cow) and proof (larceny of a calf). See Driggers v. State, 137 Fla. 182, 188 So. 118 (1939). In the latter instance "from all that appears in the record, the jury could have found [the defendants] not guilty on the actual merits of the case." 81 So.2d at 751. See also LeRea v. Cochran, 115 So.2d 545 (Fla. 1959), cert. denied, 362 U.S. 946, 80 S.Ct. 867, 4 L.Ed.2d 865 (1960).
Defendant Katz argues that since he did not affirmatively seek a judgment of acquittal based upon the variance, the Beamon rationale should not be applied to prevent him from denying its materiality when the second, accurate information was filed. We disagree. The import of the Beamon, Bentley and Driggers decisions is that if a variance is substantial enough to form the basis for an acquittal, it must be deemed a material variance. The trial judge acted *1187 sua sponte to dismiss the first Katz information, but the acquittal was unquestionably founded upon the discrepancy between a 1977 Buick and a 1975 Chevrolet. The fact that the trial judge instead of defendant discerned and acted upon the flaw in the information dos not alter the underlying principle.
Assuming the variance was material, defendant Katz argues the state may not relitigate the issue under principles of collateral estoppel. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). This doctrinal extension of the double jeopardy prohibition applies to bar relitigation between the same parties of issues actually determined at previous trial. In Ashe the defendant was acquitted of robbing a poker game on the basis of identity, i.e., he was not one of the robbers. Since his identity as a robber of that game had been resolved in his favor, the state was collaterally estopped from relitigating his identity as a robber by reprosecuting for robbery of a different poker player. See State v. Powell, 314 So.2d 787 (Fla. 2d DCA 1975). In Katz the defendant was cleared only of stealing a 1977 Buick. The issue of whether he stole anything else, e.g., a 1975 Chevrolet, was never resolved in his favor and may be relitigated. See State v. Nocon, 352 So.2d 910 (Fla. 2d DCA 1977), cert. denied, 367 So.2d 1125 (Fla. 1979).
Nor is reprosecution barred under the facts in Witherspoon, where the defendant actively sought and obtained a judgment of acquittal on the basis of a material variance between the allegations and proof. Judge Hubbart lucidly explained why Witherspoon's situation is legally indistinguishable from Beamon's, and we need only paraphrase the facts of each case to highlight his legal analysis.
Witherspoon was charged with grand larceny on a certain day at "approximately 8:00 P.M." When the first two state witnesses testified that the crime had occurred "just about nightfall" or "at dusk," Witherspoon moved for a judgment of acquittal. The court checked with the meteorological society, which related that dusk occurred that day between 5:30 and 6:00 P.M. The court then noted Witherspoon's alibi defense for 8:00 P.M. that day and ordered Witherspoon's acquittal.
In identical circumstances, from a legal point of view, Beamon asked for and received an acquittal of an alleged November 24 robbery when the crime victim initially testified that she was robbed on November 26. There is no thread of legal consistency which would allow the state to recharge Beamon with a November 26 robbery while preventing the state from recharging Witherspoon with a dusk grand larceny.[*] In each situation the defendant was exonerated because proof of the time of commission of the criminal activity varied materially from the allegation of time for which the defendant had prepared his defense.
Beamon teaches that a defendant under circumstances such as these is estopped to suggest that the variance which was material enough for acquittal is nonetheless immaterial for a new charge. See also Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980); State v. Mayor, 378 So.2d 1324 (Fla. 3d DCA 1980). That is the rule we now reiterate and apply to Katz and Witherspoon.
The district court decisions are quashed, and these causes are remanded to the district court of appeal with instructions to reverse the orders of the trial judge dismissing the informations.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
*1188 ADKINS, J., concurs as to State v. Katz, and dissents as to State v. Witherspoon.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
The two basic purposes of the Double Jeopardy Clauses of the United States and Florida Constitutions are protection against double punishment for a single criminal offense and prevention of successive prosecutions for the same alleged offense. These cases involve the latter purpose. The constitutional protection against twice being placed in jeopardy for the same offense reflects the framers' appreciation of the potential for oppression when the government is allowed successive attempts to prove the commission of a crime.
A "variance" between the pleadings and the proof means a failure by the state to adduce sufficient evidence to prove its accusation. When such a variance calls for a dismissal of the charge, a directed verdict, or a judgment of acquittal, it is the same as if the accused had been acquitted by the jury. The majority reasons that in the instant cases reprosecution under reformed accusatory pleadings is permissible because such new accusations are not for the same offenses the state failed to prove at the earlier trials. But it is only in a highly technical sense that the offenses charged in the new informations can be considered different offenses from those originally charged.
When a jury concludes that the state has failed to prove the commission of a crime, so that the defendant, presumed innocent, must be acquitted, it is possible that at a later time the government, having gathered more evidence, might be able to prove the commission of the crime. In such a situation, the people have an interest in seeing that the guilty defendant is brought to justice and punished. The Double Jeopardy Clause, however, declares that such governmental interest is outweighed by the potential that successive prosecutions may be used to inflict vexation and harassment.
To be accused of crime and subjected to a criminal trial is a devastating ordeal. Even where the accused is acquitted of the crime, the burdens of the experience may and often do involve severe embarrassment, psychological damage, and financial ruin. Therefore, the Double Jeopardy Clause demands that the government be allowed but one opportunity to prove a criminal accusation.
It is fundamental to the concept of ordered liberty under a legitimate government that a person may not be condemned to criminal punishment without a fair trial. Various provisions of the Bill of Rights of the United States Constitution and the Declaration of Rights of the Florida Constitution secure the procedural rights that ensure that criminal trials will be fair. These procedural rights are prerequisites to criminal conviction and recognize the awesome power of government to deprive persons of life, liberty, or property. But the Double Jeopardy Clause goes further and recognizes the importance of the power of government to accuse persons of crime.
One of the most awesome powers exercised by officials of the state is the power of our state attorneys and grand juries to institute criminal proceedings by accusing a person of the commission of a crime. The exercise of such authority sets in motion the machinery of the criminal justice system and brings the prosecutorial resources of the state to bear upon an individual. The constitutional prohibition against allowing the state a second opportunity to prove the commission of a crime should extend to situations such as the present cases and should be held to require that when accusatory pleadings are being drafted, they be drafted correctly. If the proof at trial fails to sustain the allegations, retrial should no more be permitted on the basis of corrected allegations than it is on the basis of augmented proof.
The decisions of the district court of appeal were correct and should be approved. I dissent.
NOTES
[*] The only troublesome aspect of Witherspoon is the descriptive phrase in the charging document which says: "to-wit: between 6:00 P.M. 8:00 P.M." The outer limit of 8:00 P.M., obviously, corresponds to the time originally charged as the approximate time of the offense. It is only a characterization of the operative phrase "at dusk", however, and as such is not determinative. Moreover, it inaccurately describes the new charge of a crime committed "at dusk".