# STATE OF FLORIDA v. HICKS

## Case No. 82-247-AC

Eleventh Judicial Circuit, Appellate Division, Dade County

June 27, 1983

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Penny H. Hershoff,** Assistant Attorney General, for appellant.

**Joel S. Perwin, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin,** for appellee.

Before LEVY, PERSON, RIVKIND, JJ.

### OPINION OF THE COURT

DAVID L. LEVY, Judge.

The Defendant in this case was initially charged with the crime of Battery in a prosecution initiated by the filing of a Complaint. The Complaint alleged that the crime occurred on March 15, 1982. Subsequently, the State filed a Statement of Particulars in which the State alleged that the alleged offense occurred on March 15, 1982.

Thereafter the Defendant stood trial for the offense charged. At the said trial, the evidence was uncontradicted that the incident in question occurred on March 13, 1982, and not, as alleged in the Complaint and Statement of Particulars, on March 15, 1982.

Naturally, the Defendant was found not guilty, since there was no evidence offered to even suggest, let alone prove, that the Defendant did anything illegal on March 15, 1982. Subsequently, the State filed another Information charging the Defendant with having committed the same crime (as previously alleged) on March 13, 1982. However, the State did not file a Statement of Particulars in connection with the refiled Information. The Defendant moved the Trial Court to dismiss the refiled Information on the grounds that it constituted double jeopardy. The Trial Court granted the motion and dismissed the case. It is from that dismissal that the State of Florida now appeals.

The State argues that it should be permitted to proceed with the prosecution based on the refiled Information (alleging March 13, 1982 as the day of the alleged offense) since the earlier trial resulted in the Defendant being acquitted of an offense alleged to have occurred on March 15, 1982. The State cites a number of Florida appellate decisions to support its position.

While we fully agree with the holding of all of the cases cited by the State, we find them to be inapplicable to the facts of this case.

There is one main difference between the instant case and all of the other cases that form the basis of holdings in the appellate decisions relied upon by the State. Specifically, in the instant case, the State did not file a Statement of Particulars in connection with the refiled Information that was filed by the State on May 25, 1982 (just four days after the trial in which the Defendant was found not guilty of the offense alleged to have occurred on March 15, 1982.

In the first trial, the filing of both a Complaint and a State of Particulars obligated the State to prove that the Defendant committed the offense charged on March 15, 1982, which was the date alleged in both the Complaint and the Statement of Particulars. That was a major factor in the acquittal of the Defendant.

The State's mistake was in not filing a Statement of Particulars in connection with the refiled Information. If the State had filed a Statement of Particulars in connection with the refiled Information, then the State would have been obligated to prove (in the second trial) that the Defendant was guilty of having committed the alleged offense on March 13, 1982 (which was, in fact, the correct date of the incident

**155**

in question), and to the exclusion of all other dates. Had this occurred, the State's second prosecution would have been safely under the umbrella of all the appellate cases that it now cites to this Court, specifically including, among others, *State v. Beamon,* 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124 (1975).

The State has apparently completely overlooked, among other things, Florida Standard Jury Instructions (in criminal cases) number 2.09 as adopted by the Supreme Court of Florida. That jury instruction requires that, when a Statement of Particulars has been provided, the State is obligated to prove the Defendant committed the crime, beyond a reasonable doubt, on the date alleged in the Statement of Particulars. However, that same jury instruction also provides that the State need not prove that the crime was committed on the date alleged in the Information when no Statement of Particulars has been provided. Furthermore, that same jury instruction, as well as the case law interpreting and following it, provides that the State need only prove that the crime was committed within a specified period of time prior to the filing of the Information upon which the prosecution is proceeding. That period of time (starting at the date of the filing of the Information and working backwards) is equal to the period of time that constitutes the Statute of Limitations for the particular crime.

Applying all of the following to the facts of the instant case demonstrates the flaw in the State's position. In prosecuting the Defendant on the refiled Information, which was filed May 25, 1982, the State was only required to prove that the Defendant committed the alleged offense on any date within the two-year period of time prior to the filing of the said refiled Information. In other words, in the second prosecution, the State would ordinarily be able to convict the Defendant if it was able to prove that the Defendant committed the alleged crime on any date between May 25, 1980 and May 25, 1982. However, there is a fly in the State's ointment. Contained within that two-year period of time is May 15, 1982, a date for which the Defendant has already stood trial and been acquitted. That violates the Defendant's constitutionally protected rights against having to twice stand trial for the same offense.

Had the State Possessed the foresight to file a Statement of Particulars (alleging March 13, 1982 as the date of offense) in connection with the refiled Information, then March 15, 1982 would not have been a date for which the Defendant was again in jeopardy, since the Statement of Particulars that should have been filed in connection with the refiled Information would have excluded all dates except March 13, 1982 as dates for which the Defendant was in jeopardy in connection

156

with the refiled Information. See *State v. Mayor,* 378 So.2d 1324 (3rd DCA 1980).

For the foregoing reasons, we find that the prosecution bottomed on the refiled Information constituted double jeopardy and would not be permissable. The trial judge was eminently correct in dismissing the refiled Information on double jeopardy grounds and we affirm that decision.

AFFIRMED.